1  LESLIE BARNES MARKS
   3999 Suter Street
2  Oakland, CA 94602
   Tel: 510/434-9758
3  Email: blaqrubi@yahoo.com

4  Plaintiff IN PRO SE

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10  LESLIE BARNES MARKS, In Pro Per,      ) **CASE NO.**
                                          )
11              Plaintiff,                 ) **RELATED CASES:**
                                          ) **UNITED STATES DISTRICT COURT**
12              v.                         ) **CASE NO: 06-06806 SI**
                                          )
13  OCWEN LOAN SERVICING, LLC., DB        ) **UNITED STATES BANKRUPTCY**
14  STRUCTURED PRODUCTS, INC. and DOES, ) **COURT DISTRICT OF DELAWARE**
    1-100,                                ) **CHAPTER 11 CASE NOS: . 07-104-16**
15                                         ) **KJC, 07-10419 KJC and 07-10421 KJC**
                                          )
16              Defendants.                ) **COMPLAINT FOR TEMPORARY**
                                          ) **RESTRAINING ORDER AND**
17                                         ) **PRELIMINARY AND PERMANENT**
18                                         ) **INJUNCTIVE RELIEF; RESCISSION**
                                          ) **AND RESTITUTION**
19                                         )
20                                         ) Original Complaint filed
                                          ) In State Court: July 28, 2006
21                                         )

22

23

24                    **JURISDICTION AND VENUE**

25      1.      This is an action under the Truth-in-Lending Act, 15 U.S.C. 1601 et, seq.  This

26  Court has jurisdiction under U.S.C. 1640 and 28 U.S.C. 1331, 1337 and 1367.

27      2.      This is an action under RESPA U.S.C. 2601.   Venue in this district is proper

28  pursuant to 28 U.S.C 1391(b) that Plaintiff resides in this district and defendants do business in

                                    -1-

this district and all events in question took place in this district. Jurisdiction also is based on 28 USC §§1331 and 1343.

3.    Plaintiff is and at all time mentioned herein, is an individual residing in the County of Alameda and the owner of certain real property commonly known as 3099 Suter Street, Oakland, CA.

## PARTIES

4.    Defendant OCWEN FINANCIAL CORPORATION and/or OCWEN LOAN SERVICING , LLC s, purchased New Century Loan Number 1006788513 from New Century Corporation on or about March 27, 2007, while the loan was in dispute, in litigation and in default under the related action United States District Court Case No. 06-06806-SI. Hereinafter (OCWEN LOAN NO. 80590441).

5.    Defendant DB STRUCTURED PRODUCTS, INC. has been identified as "creditor" by OWCEN FINANCIAL CORPORATION.    Plaintiff received no 15 (fifteen) day notice of transfer from New Century nor OCWEN to DB STRUCTURED PRODUCTS, INC. as required by RESPA.

6.    OCWEN FINANCIAL CORPORATION and DB STRUCTURED PRODUCTS, INC, are referred to herein as "DEFENDANTS."

7.    Plaintiff intends this action and this document to represent a formal federal complaint and also act as a "qualified written request."   This Complaint contains Plaintiff's Name, OCWEN account number, and demands that Defendants justify any legal right to service, own, be named "creditor" and provide proof that Defendants, and each of them, did not violate RESPA or any other law, including the present Federal Bankruptcy code in its alleged illegal acquisition of OCWEN Loan No. 80590441.

## BACKGROUND

8.    New Century Mortgage Corporation and Home 123 filed Bankruptcy proceedings on April 2, 2007 (United States District Court District of Delaware Case Nos. 07-104-16 KJC, 07-10419 KJC and 07-10421 KJC) staying actions against them in the related matter *Marks v.*

-2-

·1

2

3

4

5

6

*Chicoine, New Century and Home 123, et al.* United States District Court Case No. 06-6806 SI (hereinafter the "Related Action"). Plaintiff understands that New Century Mortgage and Home 123 are protected by the Chapter 11 automatic stay and refers to them as they relate to this matter. Plaintiff understands that no action can continue against New Century Mortgage and Home 123 until the Chapter 11 Automatic Stay is lifted in the related bankruptcy actions.

7

8

9

10

11

9. Defendant OCWEN FINANCIAL CORPORATION and/or OCWEN LOAN SERVICING, LLC purchased the loan while the loan was in default and in litigation the subject matter of related case *Marks v Chicoine, New Century, et al.* filed in the Northern District of California case No. 06-06806 SI on or about March 27, 2007. New Century illegally transferred the loan without going through its counsel of record, Attorney Brian Gunn of Wolfe and Wyman prior to filing Chapter 11.

12

13

14

15

10. New Century Mortgage Corporation claimed in the Related Action that Home 123, NOT New Century Mortgage was the holder of Plaintiff's mortgage. This issue was not clarified or resolved prior to the Bankrutpcy filing of New Century Mortgage and Home 123. Plaintiff and New Century, Home 123 nor Tom Chicoine were in settlement negotiations.

16

17

18

19

20

21

22

23

## FACTS

11. Plaintiff alleges that New Century and Home 123 were estopped from selling, transferring or conveying New Century Loan number 1006788513 – now known as OCWEN Loan No. 80590441 as the loan was in dispute and in active litigation immediately prior to New Century Mortgage and Home 123's filing for Chapter 11 bankruptcy relief. At that time, New Century Mortgage was also under federal investigation relating to the very same allegations Plaintiff alleges in the Complaint related to this matter which was originally filed in State Court on July 28, 2006 and removed to Federal Court on or about November 2006.

24

25

26

27

28

12. Plaintiff alleges that Defendants OCWEN and DB STRUCTURED PRODUCTS, INC. knew should have known that the loan was in dispute and litigation. New Century and Home 123 had a Notice of Entry of Default effective on or about August 25, 2006 and failed to enforce it and place Plaintiff in foreclosure. Furthermore, no settlement discussions had been

-3-

reached or were in progress as Defendants New Century and Home 123 are now protected by the automatic stay.

13. In light of the federal investigation of New Century Mortgage Corporation, Plaintiff discovered that New Century Mortgage and Fremont "flipped" her property on paper on two separate refinancing events.

14. New Century illegally transferred the loan now known as OCWEN Loan No. 80590441 on March 27, 2007, while it was still represented by attorneys Wolfe and Wyman. New Century notice was sent directly to Plaintiff from New Century through OCWEN – then represented by counsel in the Related Action - and not through its then counsel of record in the Related Action.

15. New Century failed to give Plaintiff 15 days notice as required by RESPA. Since New Century had not filed Bankruptcy until April 2, 2007, New Century should have given Plaintiff the RESPA required 15 day notice. Defendant OCWEN was aware, or should have been aware that the 15 day requirement WAS NOT MET, as Defendant OCWEN forwarded the correspondence to Plaintiff in an envelope bearing its logo. See, Exhibit B attached hereto.

16. Less than 30 days from Cowan's questionable receipt of the loan from New Century, OCWEN transferred the loan to DB STRUCTURED PRODUCTS, INC., without settling any default with Plaintiff, without making any payment arrangements with Plaintiffs or even legally and properly assessing if the loan transfer is legal and valid in the first place. Most importantly, without giving Plaintiff 15 days notice of the transfer again in violation of RESPA.

17. Defendants violate Plaintiff's under RESPA for 60 days to resolve, dispute and address the legal issues relating to OCWEN Loan No. 80590441.

18. Defendants illegally transferred the loan now know as OCWEN Loan No. 80590441 between themselves, without legally noticing Plaintiff in clear and bold violation of RESPA.

19. Defendants, and each of them, are aware of RESPA requirements as they supplied the information relating to those requirements to Plaintiff. See, Exhibits A through F attached

-4-

hereto.

20. In this matter, Plaintiff's cannot be restored to the prior lenders. Prior lender Fremont (from on or about November 2005 thru May 2006) was also under federal investigation and in bankruptcy and prior to the Fremont refinance, Plaintiff's mortgage was held by New Century (from on or about April or May 2005 thru November 2005), currently in bankruptcy.

## FIRST CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION AND NEGLIGENCE

Plaintiff incorporates by reference all of the preceding paragraphs as though fully set forth herein.

21. Plaintiff alleges that Defendants violated RESPA on numerous counts. On April 2, 2007 (the date she received notice of conveyance of OCWEN LOAN NO. 80590441 by not notifying Plaintiff of the ability New Century or Home 123 t to transfer her loan at any time as defined in U.S.C. section 2605 (a). As alleged in Plaintiff's complaint filed in Northern District of California Case No. 06-06806, the Related Action, New Century never provided Plaintiff with copies of loan documents, falsified documents to approve the loan among other TILA, RESPA and Federal violations. Furthermore, New Century claimed Home 123 was the holder of her Mortgage – NOT New Century. This issue was never resolved prior to New Century and Home 123 filing Bankruptcy. Plaintiff STILL has no copies of her final, signed loan documents. As it was not ever made clear to Plaintiff whether either Home 123 or New Century was holder of the loan now known as OCWEN LOAN NO. 80590441, Plaintiff fails to see how that loan is transferable. Defendants are aware of the content of ALL correspondence from New Century as the New Century notice arrived in an envelope displaying OCWEN's logo from OCWEN stationary attached hereto at Exhibit A. Plaintiff received this correspondence, on April 2, 2007, the same date as the "effective" date payment was due to Defendant OCWEN. Defendants deprive Plaintiff of certain basic rights she is entitled to under TILA, including copies of her original loan documents.

22. It appears that on or about April 6, 2007, OCWEN transferred the OCWEN LOAN NO. 80590441 to DB STRUCTURED PRODUCTS, again without, 15 days prior notice

-5-

·1
2
3
4

in further violation of RESPA. Plaintiff alleges that no Defendant was interested in Plaintiff's ability to reasonable repay the loan. No Defendant attempted to resolve issues in dispute regarding OCWEN LOAN NO. 8059-411 in violation of TILA, a loan Defendants, and each of them, knew to be in dispute on the Effective Date of transfer. See Exhibit B attached hereto.

5
6
7
8
9
10
11
12

23. Plaintiff alleges Defendants further violated RESPA by transferring a loan, on or about March 27, 2007, that was in litigation and not settlement had been reached or negotiated prior to the transfer of the New Century Loan No. 1006788513 to OCWEN FINANCIAL CORPORATION, which makes (OCWEN LOAN NO. 80590441) UNQUALIFIED for transfer under RESPA section 2605. As New Century Mortgage was NOT in bankruptcy on March 27, 2007, New Century failed to give Plaintiff the required 15 (fifteen) days notice. Plaintiff was entitled to this notice as New Century and Home 123 transferred New Century Loan No. 1006788513 a few days **prior to** filing Chapter 11, on April 2, 2006.

13
14
15
16
17

24. Plaintiff alleges that on or about March 27, 2007, OCWEN FINANCIAL CORPORATION known or should have knowing the status of New Century Loan No. 1006788513 prior to the transfer and chose to violate RESPA despite of that knowledge. Attached hereto as Exhibit B is a true and correct copy of the March 27th correspondence from New Century Notifying Plaintiff of the transfer, clearly stating that 15 days notice is due.

18
19
20
21

25. Also attached hereto as Exhibit B-1 and B-2 is a copy of correspondence from OCWEN FINANCIAL CORPORATION dated April 6, 2007 confirming that Defendant OCWEN is fully aware that OCWEN LOAN NO. 80590441 IS in default. Plaintiff received this correspondence on or about April 12, 2007.

22
23
24

26. Plaintiff further alleges that Defendant OCWEN FINANCIAL CORPORATION has had numerous complaints against it similar to if not identical to the complaints Plaintiff alleges against New Century Mortgage. Plaintiff attaches Exhibit C and Exhibit D in support.

25
26
27
28

27. The Defendants knew or should have known that the representations made in their correspondence dated March 27, 2007 and April 6, 2007 to Plaintiff was in violation of RESPA as clearly defined in Exhibits A, A-1 and B. Defendants made the representations with an intent

-6-

1

2

3

4

to defraud and steal plaintiff's primary residence that is, they made the representations for the purpose of inducing the Plaintiff to rely upon the representations outlined in the correspondence attached hereto as Exhibits A, A-1 and B to act in reliance thereon on the issues outlined in their correspondence were true and lawful.

5

6

7

28.    Defendants further violate RESPA as they are NOT registered with the Department of Real Estate as is a requirement under RESPA in the State of California. See Exhibit F, F-1, F-2 and F-3.

8

9

10

11

12

13

29.    In the instant action, Defendants correspondence dated March 27, 2007, which Plaintiff received on April 2, 2007; New Century Mortgage did not give Plaintiff the 15 days notice as required by RESPA, and clearly defined in the Correspondence from New Century, sent to Plaintiff in OCWEN stationary envelope. New Century did not file Bankruptcy until April 2, 2007. On March 27, 2007 any communication with Plaintiff should have been made through New Century's Counsel of Record, Brian Gunn of Wolfe and Wyman.

14

15

16

17

30.    Furthermore, Defendant OCWEN had to be aware that the 15 day requirement was violated, as on the date the loan was allegedly "transferred" New Century was in active litigation regarding OCWEN Loan No. 80590441, as the initial correspondence to Plaintiff was dated March 27th, with a transfer Effective Date of April 2, 2007 – clearly NOT 15 days notice.

18

19

20

21

22

23

31.    Defendant OCWEN further violates RESPA by not providing Plaintiff with 15 days notice prior to its transfer of OCWEN Loan No. 80590441 to DB STRUCTURED PRODUCTS, INC., as clearly outlined in its March 27th correspondence regarding transfer and RESPA.    Plaintiff further alleges that Defendants violate Federal 9(b). Defendants clearly and boldly defy the law by providing documents that state legal requirements and violate the law with those same documents.

24

25

26

27

32.    Defendants and each of them intended to defraud Plaintiff by 1. Purchasing a loan in active litigation and default; 2. Failing to give plaintiff proper notice of transfer in violation of RESPA, 3. Defendants intentionally attempt to defraud Plaintiff by forcing her to make payments on an economically burdensome mortgage that was in litigation and in dispute; and 4.

28

-7-

·1    Defendants end result would be to illegally foreclose on Plaintiff's primary residence. Without

2    resolution to any allegations or disputes Plaintiff has made regarding the loan transaction itself.

3

4

### SECOND CAUSE OF ACTION
VIOLATION Truth-in-Lending Act 15 U.S.C 1601 et seq.

5
       33.    Plaintiff incorporates by reference all of the preceding paragraphs as though set

6    forth fully herein.

7        34.    Defendant are creditors as defined by the Federal Truth-in-Lending Act 15 U.S.C

8    1601 et seq. (hereinafter "TILA"). Defendants boldly violate the law with the improper notice,

9    improper communication with Plaintiff, etc.

10        35.    Plaintiff further alleges that Defendants clearly and boldly knew that the notice

11    provided in their correspondence to Plaintiff, dated March 27, 2007 was improper as defined

12    within that very same correspondence.

13        36.    Since this matter was in litigation, New Century and Home 123's counsel of

14    record should have served Plaintiff with any and all correspondence from their clients, especially

15    documents regarding transferring a loan which was in dispute and unresolved.

16

17

### THIRD CAUSE OF ACTION
(Violation of Business and Professions Cede Section 17200, et seq.)

18
       37.    Plaintiff incorporates by reference all of the proceeding paragraphs as though set

   forth fully herein.

19

20
       38.    Plaintiff further alleges that OCWEN FINANCIAL CORPORATION and

21    OCWEN LOAN SERVICING LLC, is NOT registered with the California Department of Real

22    Estate which is in further violation of RESPA. See, Exhibit F, F-1, F-2, and F-3.

23
       39.    From March 2005 to present day, there is absolutely no way that Plaintiff could

24    qualify for a monthly mortgage payment in excess of $4,052 per month. Plaintiff's annual

25    income would have to be in excess of $100,000 per year. It is not. Plaintiff's credit scores

26    would have to be well in excess of 500. Plaintiff's credit scores are not that high, to date, April

27    12, 2007, especially with the economically burdensome mortgage known as OCWEN LOAN

28    NO. 80590441 excess of arrears on her credit report. Defendants are aware that the loan now

-8-

1

known as OCWEN LOAN NO. 80590441 was in default prior to their purchasing it. Prior to agreeing to purchase the loan, Defendants violate Business and Professions code section 17200. Defendants were aware that the correspondence mailed to Plaintiff on March 27th and April 6, 2007 was in violation of RESPA as clearly outlined in that correspondence.

40. California law imposes on real estate agents, brokers and lenders, as fiduciaries, the same obligation of undivided service and loyalty as it imposes on a trustee in favor of a beneficiary. In California, Real Estate Brokers and Agents and Loan Servicing Companies must be registered with the Department of Real Estate to legitimately engage in the business of quoting interest rates, selling and transferring mortgages. Defendants, in this matter are NOT registered with the Department of Real Estate.

41. Defendants knew their correspondence dated March 27th and April 2nd were untimely and therefore, false. Defendants further violated California law and section 17200 by further transferring the loan known as OCWEN LOAN NO. 80590441, without proper notice to Plaintiff. Defendants violated RESPA with the same correspondence dated March 27, 2007 which outline what Plaintiff's rights are under RESPA. See, Exhibits A through C.

42. Plaintiff has suffered and is suffering and will continue to suffer injury and financial ruin as a direct and proximate result of Defendants bad faith, illegal, deceptive acts as alleged above. Plaintiff is entitled under the Business and Professions Code Section 17200 to equitable remedy of restitution (i.e. disgorgement) of all money, property and benefits wrongfully obtained by Defendants (Plaintiff's Deed of Trust, etc.).

43. Plaintiff alleges that a Defendants engaged unlawful, unfair or fraudulent business act and practice, by providing the March 27, 2007 correspondence which contained deceptive untrue or misleading information prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code. Defendants, and each of them, illegally acquired a deed of trust, illegally attempted to mislead Plaintiff that they have some right or entitlement to the deed of trust, illegally again transferred the illegally obtained deed of

-9-

¹1   trust with the clear intention to defraud Plaintiff and steal her property from her through

2    foreclosure procedures, which Defendants are not entitled to initiate, participate in or conduct.

3    44.   Plaintiff alleges that Defendants' conduct is immoral, unethical, oppressive,

4    unscrupulous or substantially injurious to Plaintiff and requires this Court to weigh the utility of

5    the Defendants' conduct against the gravity of the harm to Plaintiff.

6

7                        **FOURTH CAUSE OF ACTION**
                 VIOLATION OF RESPA (12 U.S.C. 2605).

8    45.   Plaintiff incorporates by reference all of the preceding paragraphs as though set
9    forth fully herein.

10   46.   As defined on Exhibit A1, Defendant OCWEN notifies Plaintiff of her rights

11   under RESPA. On Paragraph 6 of Exhibit A1, Defendant OCWEN notifies Plaintiff that her

12   present loan servicer, at the time New Century Mortgage must send this notice 15 days BEFORE

13   the Effective Date of Transfer. Exhibit A, Paragraph 1, clears stated the Effective Date of

14   Transfer as April 2, 2007 which was the date Plaintiff received the notice. Under RESPA there

15   are exceptions. However, No Defendant nor New Century was protected by the Automatic Stay

16   on March 27, 2007.

17   47.   Exhibit A1, received from New Century and OCWEN at Paragraph 7 states

18   during the 60 day period following the Effective Date of the transfer of the loan servicing

19   Defendants cannot impose late fees. Attached hereto as Exhibit G is a copy of a loan statement

20   from OCWEN imposing a late fee of $183.33 on May 16, 2007, well BEFORE the 60 day

21   period. The alleged Effective Date is April 2, 2007. Defendants, if the transfer was legal and

22   proper could not impose any late fee until AFTER June 2, 2007.

23   48.   Furthermore, Exhibit C, shows were DB STRUCTURED PRODUCTS, INC., is

24   the "Creditor" of the loan. Plaintiff received no 15 day notice of transfer from OCWEN to DB

25   STRUCTURED PRODUCTS, INC. nor any 15 day notice of transfer from New Century to DB

26   STRUCTURED PRODUCTS, INC., clearly in violation of RESPA as defned in Defendants'

27   own correspondence to Plaintiff.

28

-10-

1       WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as

2   follows:

3       1.      For immediate CEASE AND DESIST ORDER enjoining all Defendants, and

4   each of them, their agents, servants, heirs, dba's, fka's, corporate affiliates, subsidiaries,

5   employees, and all persons or entities acting under, in concert with, on their behalf in any

6   capacity from selling or conveying or attempting to sell or convey any interest whatsoever that

7   Plaintiff may have in the real property commonly known as 3099 Suter Street, Oakland,

8   California, relating to OCWEN LOAN NO. 80590441 and any reference DB STRUCTURED

9   PRODUCTS, INC. may have, which is presently unbeknownst to Plaintiff but directly related to

10  OCWEN LOAN NO. 80590441 and the property commonly known as 3099 Suter Street,

11  Oakland, California.

12      2.      For immediate preliminary injunction and permanent injunction, enjoining all

13  Defendants, and each of them,, their agents, servants, heirs, dba's, fka's, corporate affiliates,

14  subsidiaries, employees, and all persons or entities acting under, in concert with, on their behalf

15  in any capacity from selling or conveying or attempting to sell or convey any interest whatsoever

16  that Plaintiff may have in the real property commonly known as 3099 Suter Street, Oakland,

17  California, relating to OCWEN LOAN NO. 80590441 and any reference DB STRUCTURED

18  PRODUCTS, INC. may have, which is presently unbeknownst to Plaintiff but directly related to

19  OCWEN LOAN NO. 80590441; and

20      3.      That the deed of trust referred to in this complaint – securing OCWEN LOAN

21  NO. 80590441 be rescinded and Plaintiff's Deed of Trust immediately restored to Plaintiff;

22      4.      That Plaintiff's credit standing be fully restored in relating to OCWEN Loan No.

23  80590441 in its entirety – from the commencement of the loan known as OCWEN LOAN NO.

24  80590441;

25      5.      The Notice of Intent to Foreclose dated on or about August 25, 2006 be rescinded;

26      6.      Title to the property commonly known as 3099 Suter Street, Oakland, California,

27  be restored to Plaintiff in the name of "Leslie Barnes Marks;

28

-11-

1    7.    That the OCWEN Loan No. 80590411 be forgiven in its entirety;

2    8.    This Court dismiss this action with prejudice against all Defendants;

3    9.    For such other and further relief as this Court deems just and proper.

4

5    Dated: April 17, 2007

6

7                                          Leslie Barnes Marks, In Pro Se

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-



O C W E N

P.O. Box 24737
West Palm Beach, FL 33416-4737

2  EMAPHHS  94602



PRESORTED
FIRST CLASS



WEST PALM
MAR29'07
BEACH FL

PB METER
2087620

U.S. POSTAGE

0.29 ₃

**EXHIBIT** _A_

 **NEW CENTURY™**
MORTGAGE CORPORATION

P.O. Box 54285, Irvine CA 92619-4285     (800) 561-4567    Fax # (949) 517-5220

March 27, 2007

LESLIE MARKS
3099 SUTER STREET
OAKLAND, CA 94602

Re: NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS
     NEW CENTURY MORTGAGE LOAN NO: 1006788513
     OCWEN LOAN SERVICING LOAN NO: 80590441

*PLEASE NOTE THAT THIS TRANSFER NOTICE IS FOR THE ABOVE REFERENCED LOAN ONLY

Dear Mortgagor(s):

The servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from your present servicer, New Century Mortgage Corporation ("New Century"), to a new servicer, Ocwen Loan Servicing, LLC ("Ocwen") effective **April 2, 2007** (the "Effective Date" of Transfer). Please be assured that this assignment, sale or transfer of servicing of the mortgage loan from New Century to Ocwen does not in any way affect any terms or conditions of your mortgage instruments, other than terms directly related to the servicing of your loan.

The date on which New Century will stop accepting payments from you is April 1, 2007.
If you have any questions relating to the transfer of servicing from New Century,
call 1-800-561-4567 between 6:00 A.M. and 6:00 P.M. (PST), Monday through Friday.
This is a toll free number.

The date on which Ocwen will start accepting payments from you is April 2, 2007. Please send all payments Due on or after April 2, 2007 to Ocwen at the payment address stated below.
Ocwen will be mailing you a monthly billing statement shortly. Your new servicer will also send to you Shortly information regarding its toll-free telephone number.
Your new servicer will also shortly send you the name of the individual or department to call, including its Toll free number and hours of business, if you have any questions relating to the transfer of servicing to your New servicer. However, if you do not receive the billing statement prior to your first payment due date, Please send your payment to the address below:



| REGULAR ADDRESS | OVERNIGHT ADDRESS | CORRESPONDENCE |
|---|---|---|
| Ocwen Loan Servicing, LLC | Ocwen Loan Servicing, LLC | Ocwen Loan Servicing, LLC |
| P.O. Box 6440 | Attention: Cashiering | Attn: Customer Service Dept |
| Carol Stream, IL 60197-6440 | 12650 Ingenuity Drive | P.O. Box 785057 |
| | Orlando, Florida 32826 | Orlando, FL 32878-5057 |

EXHIBIT _A_



**NEW CENTURY™**
MORTGAGE CORPORATION

P.O. Box 54285, Irvine CA 92619-4285 (800) 561-4567 Fax # (949) 517-5220

Additional services offered by Ocwen are:

Automatic Payment Deductions: Ocwen can automatically deduct your payment from the checking or savings account of your choice. To sign up for this service call simply Customer Relations to request an ACH application or visit www.ocwen.com and print the application on-line.

Escrow: If you have an escrow/impound account, Ocwen will review it annually. Your payment will then be adjusted to ensure that there will be sufficient funds to cover your taxes and/or insurance premiums when they are due.

Internal Revenue Reporting: In January 2008, New Century will send you an interest statement for the period in 2007 in which New Century serviced your loan. In January 2008 and each year thereafter, Ocwen will provide you with an interest statement for the payments you made on your loan on or after the Effective Date of Transfer. The statement will also reflect the amount disbursed for property taxes, if you have an escrow/impound account for payment of taxes.

Customer Service: If you have any questions related to the transfer of the servicing from your present servicer, you may contact the Loan Servicing Department of New Century at 800-561-4567, between the hours of 6:00 a.m. and 6:00 p.m., (PT), Monday through Fridays. If you have any other questions related to the transfer of servicing to your new servicer, you may contact Ocwen's Customer Service Department at 800-74-OCWEN, between the hours of 9:00 a.m. and 9:00 p.m. (ET) Monday through Thursday and 9:00 a.m. to 6:30 p.m. (ET) on Fridays.

Sincerely,

New Century Mortgage Corporation

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the Effective Date of Transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after the Effective Date of Transfer.

"During the 60 day period following the effective date of the transfer of the loan servicing, a loan payment received by your previous servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.



Setion 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name, account number, and your reasons for the request. Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. During this 60 Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents. A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions. Section 6 of RESPA also provides for damages and cost for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of this Section. You should seek legal advice if you believe your rights have been violated."

EXHIBIT $A-1$



OCWEN
P.O. Box 24737
West Palm Beach, FL 33416-4737

WEBSITE: WWW.OCWEN.COM

April 6, 2007

Leslie Barnes Marks
3099 Suter Street
Oakland, CA 94602

Loan Number:          80590441
Property Address:     3099 SUTER STREET, OAKLAND, CA 94602

Dear Leslie Barnes Marks :

Ocwen is the servicer of the above-referenced loan (hereinafter referred to as "the Debt") for ("Creditor") DB STRUCTURED PRODUCTS, INC..

As of 04/06/2007 our records reflect that the current unpaid debt is:

| | |
|---|---:|
| Principal | 494879.14 |
| Interest | 39672.07 |
| Late Charges | 0 |
| Collection Costs | 0 |
| Escrow Advances | 4071.15 |
| Suspense Balance | 0 |
| NSF Fees | 0 |
| Total Due | 538622.36 |

Please be advised that accrued interest, fees, corporate and escrow advances, and other charges (including prepayment charges if applicable) may be assessed to your account during the period prior to receipt of your payment. Therefore, the total amount due on the day your payment is received by Ocwen may have increased. This letter is in no way intended as a payoff statement for your mortgage. It merely states the amount of the debt as of the date of this letter. In the event you wish to payoff your debt please contact us at (800) 310-9229 to request a payoff statement. Ocwen prefers that all payments be made in certified funds, cashier's check or money order(s) payable to Ocwen. Please always include the "Loan Number" with your payment.

Unless, within thirty days after receipt of this notice, you dispute the validity of this debt or any portion thereof, we will assume the debt to be valid. If, within thirty days of your receipt of this notice, you notify us in writing that the debt, or any portion thereof, is disputed, we will:

1.  Obtain verification of the debt or, if the debt is founded upon a judgment, we will mail to you a copy of such verification or judgment.
2.  If the original creditor is different from the creditor named above, then upon your written request within thirty days of the receipt of this notice we will provide you with the name and address of the original creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. If you received a bankruptcy discharge that included this debt, this notice is not intended and does not constitute an attempt to collect a debt against you personally.

Yours truly,

Customer Service Department
Toll Free Phone: 1 (800) 746-2936

**ADDRESS WRITTEN CORRESPONDENCE TO:**
Ocwen
ATTN: Research Department
P O Box 785055
Orlando, FL 32878-5055

EXHIBIT 

April 06, 2007

Leslie Barnes Marks

3099 Suter Street
Oakland, CA 94602-0000

Loan Number:      80590441
Property Address:  3099 Suter Street , Oakland, CA 94602-0000

Dear Leslie Marks   :

If you have the desire to remedy this situation we want to assist you in trying to reach that goal. Ocwen would like to present you with some of the alternatives which you might have available regarding your delinquent mortgage loan. Enclosed please find a brief description of these alternatives, as well as the consequences of a potential foreclosure sale, and a separate request for Financial Information. We ask you to consider the alternatives and complete the Request for Financial Information. Your accurate and timely response to the financial request will expedite and enhance our ability to review the possible alternatives you may have.  Please mail the completed Request for Financial Information Form to your Loan Resolution Consultant.

**Ocwen Loan Servicing, LLC**
Loan Resolution Department
PO Box 785055
Orlando, FL 32878-5055
Attention: LRC TMA TeamA, Loan Resolution Consultant

If you are currently in active bankruptcy, or if you received a bankruptcy discharge, which included this debt, this communication is not intended to, and does not constitute, an attempt to reaffirm your debt or to collect a debt against you personally.     Please review the alternatives and feel free to contact us.

## ALTERNATIVES TO FORECLOSURE

When you are experiencing financial hardship, counseling may be a way to help you manage your bills, including your mortgage. The Credit Counseling Resource Center (CCRC), a program of the Homeownership Preservation Foundation, provides FREE credit counseling services. The experienced HUD-approved housing counselors working with the CCRC are independent of Ocwen and may be able to help you avoid a foreclosure.  We urge you to contact the CCRC or other HUD approved agencies to obtain assistance in keeping your home.

| **Credit Counseling Resource Center:** | 1-888-995-HOPE | www.995hope.org |
| **HUD Approved Housing Counseling:** | 1-800-569-4287 | www.HUD.gov |

At Ocwen, we strive to provide service, which will exceed your expectations.  Having complete and accurate information is the first step in ensuring you receive this service. While our primary objective is the collection of past due amounts on your loan, we do want to work with you to find the best available alternative for you to bring your mortgage loan obligation current.

1.    **REPAYMENT PLANS** - Depending on your current financial situation, there may be an alternative payment method available that could provide you with the following benefits:

EXHIBIT $B$-$1$

   a.  Allow you to keep possession of your home.
   b.  Avoid a foreclosure on your credit record.
   c.  Eliminate the possibility of a deficiency balance after foreclosure.

2.    **LISTING YOUR PROPERTY FOR SALE** - By listing your property, you may receive a sale offer acceptable to both you and to Ocwen. The sale of your property could help you to avoid a foreclosure sale of your home.

ALTLTR2.16

**This communication is from a debt collector attempting to collect a debt;
any information obtained will be used for that purpose.**

*P.O. Box 24737*
*West Palm Beach, FL 33416-4737*                                    WWW.OCWEN.COM

## CONSEQUENCES OF FORECLOSURE

Foreclosure is a legal action used by a lender to recover any money from a customer when the customer does not pay his or her debt in accordance with the mortgage agreement. Some of the consequences of a foreclosure are as follows:

1.  **PROPERTY LOSS** - After foreclosure, you would no longer own the home and would be obligated to vacate the premises.

2.  **DAMAGED CREDIT RATING** - A foreclosure on your credit record will damage your credit rating and may impair your ability to get credit in the future.

3.  **DEFICIENCY LIABILITY** - After foreclosure, if the proceeds from the sale of your property were less than the amount you would owe the lender, you might, under certain circumstances, be liable for that difference.

4.  **TAX RAMIFICATIONS** - If you do not pay the lender the deficiency liability as explained above in Item 3, the IRS might consider this unpaid debt to be part of your taxable income.

**\* There may be other consequences not listed, depending on the state where the property is located.**

Please visit our website at www.Ocwen.com where you can review your account and enter your financial information at your convenience.

Yours truly,
LRC TMA TeamA
Loan Resolution Consultant
Toll Free Phone: 877-596-8580    Fax: 407-737-5693

## IMPORTANT: SEE ENCLOSED INFORMATION REGARDING ALTERNATIVES TO FORECLOSURE

encl: Request for Financial Information Form

EXHIBIT $\underline{B\text{-}2}$

ALTLTR2.16

**This communication is from a debt collector attempting to collect a debt;
any information obtained will be used for that purpose.**

# Select A Person

### There were 11 matching persons.

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC | (pty) |
| Ocwen Federal Bank | (pty) |
| Ocwen Federal Bank FSB | (pty) |
| Ocwen Federal Bank FSB | (pty) |
| Ocwen Federal Bank, FSB | (pty) |
| Ocwen Federal Bank/Sovereign Bancorp | (pty) |
| Ocwen Financial Corporation | (pty) |
| Ocwen Financial Services Inc | (pty) |
| Ocwen Financial Services Inc. | (pty) |
| Ocwen Financial Services, Inc. | (pty) |
| Ocwen Loan Servicing LLC, successor to Ocwen Federal Bank FSB | (pty) |

<table>
<tr><td colspan="3"><strong>PACER Service Center</strong></td></tr>
<tr><td colspan="3"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="3">04/12/2007 22:50:18</td></tr>
<tr><td><strong>PACER Login:</strong></td><td>ip0428</td><td><strong>Client Code:</strong></td></tr>
<tr><td><strong>Description:</strong></td><td>Search</td><td><strong>Search Criteria:</strong> NOS: 370 Last Name: OCWEN</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>1</td><td><strong>Cost:</strong> 0.08</td></tr>
</table>

EXHIBIT ___  C

# LIEFF CABRASER
# HEIMANN & BERNSTEIN, LLP

*for the plaintiffs*
*since 1972*

| OUR FIRM | ATTORNEYS | SUCCESSES | CONTACT US | SEARCH | ◗ |
|---|---|---|---|---|---|



HOME

OFFICES

CURRENT CASES

PRACTICE AREAS

MEDIA CENTER

ARTICLES

NEWS

ABOUT CLASS ACTIONS

CLASS NOTICES

NEWSLETTER

PUBLIC INTEREST CASES

RECENT TRIALS

LEGAL LINKS

EMPLOYMENT

ATTORNEY ADVERTISING DISCLAIMER

PRIVACY

SITE MAP

## NEWSLETTER

For updates on lawsuits of widespread public interest and settlements in class actions, please click here to sign up for our Consumer Law Newsletter.

## Ocwen Federal Bank Consumer Protection Class Action Lawsuit

In a consumer protection lawsuit, Lieff Cabraser Heimann & Bernstein, LLP, with co-counsel, represents homeowners in California with loans serviced by Ocwen Federal Bank, FSB and Ocwen Financial Services, Inc. ("Ocwen"). The lawsuit, originally filed in Alameda County Superior Court in October 2003, alleges that Ocwen has engaged in a scheme of unfair, unlawful, and deceptive business practices in its "servicing" of residential mortgage loans in California.

The specific misconduct charged against Ocwen includes:

- failing to credit payments received in a timely fashion;
- failing to provide customers with timely or clear information about timing and amount of payments owed;
- prematurely referring accounts to collections, regardless of legal and/or contractual grace periods;
- misapplying payments received;
- increasing customers' monthly payment amount without proper notice and in violation of the terms of the customers' original mortgage note; and
- procuring hazard insurance for properties already insured, resulting in exorbitant annual premiums charged to customer's accounts without cause.

### The Class Defined

The representative Plaintiffs brought the lawsuit on behalf of themselves and all residents in the State of California who, during the period October 30, 1999 through the present had residential mortgages that were serviced by Ocwen, whether Ocwen obtained the right to collect payments on these loans by assignment, transfer, sale, or any other means.

Lieff Cabraser serves as co-lead counsel for plaintiff in the nationwide federal court action against Ocwen and other entities. The litigation is pending in the Northern District of Illinois.

At the appropriate time, Plaintiffs will request that the Court find that their claims are typical of the claims of the members of the Class, and that the Court certify that the lawsuit should proceed as a class action and notice be given to the Class. Customers of Ocwen who believe that they have been subjected to any of these practices may click here to contact Lieff Cabraser.

Please Note: We appreciate receiving information on your experience with Ocwen. This will aid our ongoing nationwide investigation of the company. We will review the information, but cannot provide any legal assistance. Lieff Cabraser cannot serve as your counsel in any matter unless you and our firm expressly agree in writing that we serve as your attorney. You should also be aware that the Statute of Limitations (the deadline imposed by law within which you may bring a lawsuit) may severely limit the time remaining for you to file any potential claims you may have.

**EXHIBIT _D_**

**CONSUMER PROTECTION**



We seek to halt unfair business practices that harm consumers nationwide. Learn more.

**INJURY CASES**



We represent injured persons across America.

Recent Cases:

Rituxan and Brain Infections

Ortho Evra Birth Control Patch

Ford Vehicle Cruise Control Switch Fires

**E-mail Us**



Case3:07-cv-02133-SI Document1 Filed04/17/07 Page21 of 28

**Trademark I. ⌐mation**

This website is sponsored by the national plaintiffs' law firm of Lieff Cabraser Heimann & Bernstein, LLP, and is not affiliated in any way with Ocwen, Ocwen Financial Corporation and Ocwen Federal Bank FSB. Ocwen, Ocwen Financial Corporation and Ocwen Federal Bank FSB are trademarks of Ocwen Financial Corporation.



# LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

E-Mail: mail@lchb.com
Firm Website: www.lieffcabraser.com

Home | Attorneys | Successes | Offices | Our Firm | Contact Us
Media Center | Current Cases | Practice Areas | Newsletter
Verdicts | Class Actions | Privacy Policy | Site Map

Attorney Advertising Disclaimer

Information Network: Guidant, Ortho Evra, Ford Vehicle Switch Fires
Butter Flavoring Lung Injuries, Car Accidents,
Aviation Law, Personal Injuries, 15-Passenger
Van Accidents, SUV Rollover Crashes, Lieff Global

Notice: Lieff Cabraser attorneys provide legal advice and practice law for clients in federal district courts throughout the United States and in state courts where we are licensed to practice. In states in which our lawyers are not licensed to practice, we have affiliations with local attorneys who serve as co-counsel with our firm. Please read our disclaimer.

Copyright © 2007 Lieff Cabraser Heimann & Bernstein, LLP



EXHIBIT D

## Public License Information

Please enter the Licensee's Name (Last Name, First Name), Company Name or License Identification Number.  Name Search Help

**Licensee/Company Name:** OCWEN

**Mailing Address City** *(optional)*:

OR

**License ID:**

Clear    Find

**Note:** The "Mailing Address City" may differ from the licensee's main office and/or branch office city.

**No matching public record was found for Licensee: OCWEN**

**Home**



EXHIBIT F

## Public License Information

·Please enter the Licensee's Name (Last Name, First Name), Company Name or License Identification Number.  Name Search Help

**Licensee/Company Name:** OCWEN LOAN SERVICING LLC

**Mailing Address City** *(optional)*:

OR

**License ID:**

Clear    Find

**Note:** The "Mailing Address City" may differ from the licensee's main office and/or branch office city.

**No matching public record was found for Licensee:**
**OCWEN LOAN SERVICING LLC**

**Home**

EXHIBIT F-1

## Public License Information

Please enter the Licensee's Name (Last Name, First Name), Company Name or License Identification Number.  Name Search Help

**Licensee/Company Name:** OCWEN FINANCIAL CORPORA

**Mailing Address City** *(optional)*:

OR

**License ID:**

Clear    Find

**Note:** The "Mailing Address City" may differ from the licensee's main office and/or branch office city.

**No matching public record was found for Licensee:
OCWEN FINANCIAL CORPORATION**

**Home**

EXHIBIT F-2

## Public License Information

Please enter the Licensee's Name (Last Name, First Name), Company Name or License Identification Number.  Name Search Help

**Licensee/Company Name:**  DB STRUCTURED PRODUCTS,

**Mailing Address City** *(optional)*:

OR

**License ID:**

Clear | Find

**Note:** The "Mailing Address City" may differ from the licensee's main office and/or branch office city.

**No matching public record was found for Licensee:**
**DB STRUCTURED PRODUCTS, INC**

**Home**

EXHIBIT F-3

EXHIBIT G

00048833255 4444444881 000000080590441 50 048649925

**Payment Coupon**

**LESLIE BARNES MARKS**

**Account Number:** 0080590441

☐ Check for Change of Information
and see reverse side of coupon.

O C W E N

| | | |
|---|---|---|
| **AMOUNT DUE** | $ | 48,649.92 |
| If Received after 05/16/2007 add Late Charge of: | $ | 183.33 |
| Total Amount Due with Late Charge: | $ | 48,833.25 |

Additional Principal: $ _____
Additional Escrow: $ _____
Late Charges: $ _____
Other: (Please Specify) $ _____

**Note: If your loan is current, any excess funds will first be applied to outstanding amounts due and then additional principal.**

**If this payment is made via Automatic Drafting, this statement is for informational purposes only.**

Total Enclosed _____

OCWEN
PO BOX 6440
CAROL STREAM IL 60197-6440

NO Late Fees can be Charged —
if this was a legitimate transfer
until after      June 2, 2007

EXHIBIT G



Ocwen Loan Servicing Case 3:07-cv-02133-SI Document1 Filed04/17/07 **Account Statement**
Attn Cashiering Department
P.O. Box 785056
Orlando, FL 32878-5056

O C W E N

NC Permit No. 3946
**CUSTOMER RELATIONS 1-800-746-2936**
*Your call may be recorded for the coaching
and development of our associates.*

| | |
|---|---|
| **Account Number:** | 0080590441 |
| **Account Statement Date:** | 04/04/2007 |
| **Property Address:** | |
| 3099 Suter Street | |
| Oakland CA 94602 | |
| PAGE 1 | |

DILQ

---

0480MS 02/24/07 14 00 0008136 20070405 7D226103 REG-S1MT 1 OZ DDM 7D22610000· 1M951   MG

Llhlululhllllllhlllllllllllllllllllllllllllllllllll
LESLIE BARNES MARKS
3099 SUTER STREET
OAKLAND CA 94602-2840



### Details of Amount Due

| | |
|---|---|
| **Current Amount Due:** | |
| Principal: | 129.68 |
| Interest: | 3,536.84 |
| Escrow: | 387.64 |
| Current Amount Due by 05/01/07: | 4,054.16 |
| Past Due Amount: | |
| Principal: | 1,367.02 |
| Interest: | 38,964.70 |
| Escrow: | 4,264.04 |
| Past Due Amounts DUE IMMEDIATELY: | 44,595.76 |
| Total Amount Due: | 48,649.92 |

---

### Account Information

| | |
|---|---|
| * Current Principal Balance: | 494,879.14 |
| Interest Rate: | 8.60000% |
| Next Payment Due Date: | 06/01/2006 |
| Escrow Advance Balance: | 4,071.15- |
| Interest Paid Year-To-Date: | .00 |
| Taxes Paid Year-To-Date: | .00 |
| Beginning Principal Balance: | 494,879.14 |
| Escrow Deposits/Adjustments Year-To-Date: | 4,071.15- |

*This is the principal balance only, not the amount required to pay your account in full.

---

### Recent Account Activity

| Date | Description | Principal | Interest | Escrow | Optional | Late Charges | Fees/ Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|---|
| 03/05/07 | Escrow Account Adjustment | .00 | .00 | 4071.15- | .00 | .00 | .00 | .00 | 4071.15- |

---

We may report information about your account to credit bureaus. Late Payments, missed payments, or other defaults on your account may be reflected in your credit report. To obtain information about your rights under the Fair Credit Reporting Act go to www.ftc.gov/bcp/conline/edcams/credit.

### Important Messages

Payments received are to be applied in accordance with your mortgage note. Payments will be first applied to bring your loan contractually current. Any additional funds received will be applied to outstanding fees and advances prior to being applied to principal.

Additional accountings may be requested by contacting Customer Service.

EXHIBIT $G-1$

---

**IF YOU ARE CURRENTLY IN BANKRUPTCY OR IF YOU HAVE FILED FOR BANKRUPTCY SINCE OBTAINING
THIS LOAN, PLEASE READ THE BANKRUPTCY INFORMATION PROVIDED ON THE BACK OF THIS STATEMENT.**

FOLD AND
DETACH HERE

PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE
PLEASE DO NOT SEND CORRESPONDENCE WITH YOUR PAYMENT - ALWAYS WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK

FOLD AND
DETACH HERE

**Visit our website 24 Hours a day at www.ocwen.com**

**Let the Ocwen Wizard provide account information and answer your questions!!**

## IMPORTANT PHONE NUMBERS

**Using a touch-tone phone, you have quick and easy access to your account information by dialing 1-800-746-2936.**

Your call may be recorded for the training and development of our associates.

*Customer Service*: . . . . . . . . . .**1-800-746-2936** Available: Monday - Thursday: 9:00am to 9:00pm ET and Friday: 9:00am to 6:30pm ET.
*Collections Department*: . . . . . . . .**1-800-446-2936** Available: Monday - Thursday: 8:00am to 11:00pm ET, Friday: 8:00am to 7:00pm ET,
Saturday: 9:00am to 4:00pm ET, and Sunday: 5:00pm to 9:00pm ET.

**EXHIBIT G-2**

## PAYMENT ADDRESS

Ocwen Loan Servicing
P.O. Box 6440
Carol Stream, IL 60197-6440

**Make checks payable to Ocwen Loan Servicing, LLC. Do not send correspondence with your payment, and ensure that your Ocwen account number, name, and property address is written on the front of your check or money order.**

*Correspondence Addresses*: **Please address all correspondence to Ocwen Loan Servicing, LLC to the attention of the appropriate department. Be sure to include your Ocwen account number.**

*Insurance Department (For Providing Hazard, Property & Flood Documentation)*: . . . . . . . . . . . . . . . . . . . . . .P.O. Box 6723, Springfield, OH 45501-6723
*Insurance Claim Department (For the Filing & Processing of Property Insurance Claims)*: . . . . . . . . . . . . . . .P.O. Box 6501, Springfield, OH 45501
*Property Tax Department*: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .P.O. Box 961260, Ft. Worth, TX 76161-0260
*Research Department: (For Qualified Written Requests)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .P.O. Box 785055, Orlando, FL 32878-5055
*Customer Service Department: (General Inquiries or Comments)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .P.O. Box 785057, Orlando, FL 32878-5057

***This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose.***

## OCWEN FEE STRUCTURE*

| Loan Documents: | | Verification of Mortgage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$10.00 |
|---|---|---|
| Collateral (Mortgage, Note and Riders) . . . . . . . . . . . . . . . . . . . . . .$30.00 | | |
| Individual documents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$15.00 | | Electronic Payoff Transmission Fee . . . . . . . . . . . . . . . . . . . . . . . . .$20.00 |
| Payment History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 5.00 | | Western Union® Speedpay® using Ocwen Website . . . . . . . . . . . . . . . . . .$10.00 |
| Insufficient Funds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$25.00 | | Western Union® Speedpay® using Automated Phone System. . . . . . . . . . .$12.00 |
| Amortization Schedule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$15.00 | | Western Union® Speedpay® using Agent Assistance . . . . . . . . . . . . . . . . .$19.50 |

* *This list does not include all fees that may be charged for services rendered. The fees are subject to change and may not be applicable in all states.*

## IMPORTANT PAYMENT REMINDERS

- To expedite the posting of your payment, you may use our Automated Phone System to pay by phone ($12.00 fee) or Ocwen's Website at www.ocwencustomers.com to make a Western Union® Speedpay® payment online ($10.00 fee). See Payment Options below for additional details.
- Avoid late charges by making payments for the exact coupon amount on or before the due date. Please allow 7 – 10 days for delivery, Postal delays will not prevent late charges for payments received after the grace period.
- To ensure prompt handling of your payment, please enclose your statement coupon with your check. The processing of your payment may be delayed if you send cash or correspondence with your payment or if you send your payment to an address other than the address listed above.
- If for any reason you are unable to make a payment when it is due, please contact our Collections Department at 1-800-446-2936.
- Payments will be posted Monday – Friday only, excluding holidays.
- Ocwen Loan Servicing, LLC may report credit information to all major credit bureaus on a monthly basis. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. To view the details of how your account was reported to the credit bureaus, please visit Ocwen's Website at www.ocwencustomers.com.

## PAYMENT OPTIONS

**Pay by Phone** – To use our convenient Western Union® Speedpay® option, call Customer Service at 1-800-746-2936 and simply follow the instructions within the "Automated Phone System." Please have your bank account number and routing information available. It's a quick and easy alternative to using regular mail. Agent assistance when making payments will be more costly and time consuming. See applicable fees above.

**Pay via the Ocwen Website** – Make your payment online by simply logging into your account on www.ocwencustomers.com with your User ID and Password. If you have not yet created a User ID and Password, click on the **New User? Register** link and you will be guided through the easy process. Once logged in to your account, select Make Payment Online which is located on the right side of the page. See applicable fees above.

**ACH (Automated Payments)** – Download an application from our website at www.ocwencustomers.com. Payments can be automatically drafted from your bank account on a monthly basis saving you time and money!

**Pay via MoneyGram® ExpressPayment®** – To find the location nearest you, call 1-800-Moneygram or visit www.moneygram.com and click on "Locate MoneyGram Agent". At the agent location, please provide the clerk with your loan number, Receive Code 2355, the Company Name "OCWEN", the City Code "ORLANDO", and the State Code "FLORIDA". MoneyGram® and ExpressPayment® are registered marks of MoneyGram Payment Systems, Inc.

## IMPORTANT BANKRUPTCY INFORMATION

**If you or your account are subject to a pending bankruptcy or your obligation referenced in this statement has been discharged in bankruptcy, this statement is for informational purposes only and is not an attempt to collect a debt.**

**If you have any questions regarding this statement, or do not want Ocwen to send you monthly statements in the future, please contact us at 1-888-554-6599. Bankruptcy payments from the Trustee should be mailed to Ocwen Loan Servicing, LLC, P.O. Box 785053, Orlando, FL 32878-5053.**

**Concerned about making your annual property tax or insurance payments on time?**
**Open an escrow account and let Ocwen handle these important payments for you. Find out how to open an escrow account at**
***www.ocwen.com* or call Customer Service at 1-800-746-2936!**

**Looking to Refinance? Call us at 1-800-746-2936**

02-1X48-0480(1/07)