```
1   LESLIE BARNES MARKS
    3999 Suter Street
2   Oakland, CA  94602
    Tel: 510/434-9758
3   Email: blaqrubi@yahoo.com
4
    Plaintiff IN PRO SE
5
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE BARNES MARKS, In Pro Per, | ) CASE NO.   C07 2133 SI |
| | ) |
| Plaintiff, | ) **RELATED CASES:** |
| | ) **UNITED STATES DISTRICT COURT** |
| v. | ) **CASE NO: 06-06806 SI** |
| | ) |
| OCWEN FINANCIAL CORPORATION, | ) **UNITED STATES BANKRUPTCY** |
| OCWEN LOAN SERVICING, DB | ) **COURT DISTRICT OF DELAWARE** |
| STRUCTURED PRODUCTS, INC. and DOES, | ) **CHAPTER 11 CASE NOS: 07-104-16 KJC,** |
| 1-100, | ) **JOINTLY ADMINISTERED** |
| | ) |
| Defendants. | ) **REQUEST FOR APPROVAL TO** |
| | ) **RECORD LIS PENDENS** |
| | ) |
| | ) Original Complaint filed |
| | ) In State Court:  July 28, 2006 |
| | ) |

PLAINTIFF respectfully requests this Court grant Plaintiff permission to record a Notice of Pendency of Action in the above entitled matter.  In addition to allegations made by Plaintiff in the instant action, Plaintiff is further informed and believes that action is being taken against her property in the related bankruptcy action.  Plaintiff attaches the Notice of Sale as Exhibit A. Plaintiff continues to receive material from Defendant OCWEN as the "servicer" or other holder of the deed and title to the Property which is subject of this litigation.  Plaintiff is concerned that her Property will be or has been improperly transferred twice – to two different entities concurrently.

Plaintiff makes this request under Code Civ. Proc. §761.010(b) and Code Civ. Proc. §801.5.  Plaintiff alleges Defendants in the instant action violated RESPA, and thereby places

title to her primary homestead in jeopardy. Plaintiff believes that the recordation of a Lis Pendens is necessary as Plaintiff believes she has probable validity of a real property claim under Code Civ. Proc. §405.3.

Plaintiff understands and agrees to comply with Code Civ. Proc. §405.6, a real property claimant must, **prior** to recordation of the notice of pendency of action, cause a copy to be mailed, by registered or certified mail return receipt requested, to all known addresses of the parties to whom the real property claim is adverse. Plaintiff further understands that immediately following recordation, a copy of the notice must also be filed with the court in which the action is pending. Any notice of pendency of action will be void and invalid as to any adverse party or owner of record unless these requirements are met for that party or owner and a proof of service in the form and content specified in Code Civ. Proc. §1013a has been recorded with the notice of pendency of action. Code Civ. Proc. §405.23.

Respectfully submitted,

Dated: April 25, 2007

_____
Leslie Barnes Marks, In Pro Se

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW CENTURY TRS HOLDINGS, INC., | ) | Case No. 07-10416 (KJC) |
| a Delaware corporation, et al.,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## NOTICE OF SALE HEARING

PLEASE BE ADVISED that the certain of the above captioned debtors and debtors in possession (the "Debtors") have entered into an asset purchase agreement (the "APA") to sell the Purchased Assets[2] to Greenwich Capital Financial Products, Inc. ("Purchaser" or "Stalking Horse Bidder"), as more fully set forth in the Debtors' motion filed with the Bankruptcy Court on April 2, 2007 (the "Motion") for orders (i) approving bidding procedures and bid protections in connection with the Auction of the Purchased Assets and (ii) approving the APA. The Debtors seek to sell to Purchaser the Purchased Assets (consisting of Debtors' interests in certain LNFA mortgage loans and their residual interests in certain securitization trusts) free and clear or any claims, liens, interests and/or other encumbrances pursuant to section 363(f) of title 11 of the United States Code.

PLEASE BE FURTHER ADVISED that on April 12, 2007, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order") approving the bidding procedures (the "Bidding Procedures"), which set key dates and times relating to the sale of the Purchased Assets. *All interested bidders should carefully read the Bidding Procedures* To the extent there are any inconsistencies between the Bidding Procedures and the summary description of its terms and conditions contained in this Notice, the terms of the Bidding Procedures shall control.

PLEASE BE FURTHER ADVISED that, pursuant to the Bidding Procedures, an Auction of the Purchased Assets will take place on May 2, 2007 at 10:00 a.m. eastern time upon notice to Qualifying Bidders. The Auction will be conducted at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036. Only representatives of the Debtors, Qualifying Bidders holding a Qualifying Bid and the Official Committee of Unsecured Creditors, and their advisors, are permitted to attend the Auction. Only Qualified Bidders holding a Qualifying Bid may bid at the Auction.

PLEASE BE FURTHER ADVISED that, pursuant to the Bidding Procedures, all Qualifying Bids must be submitted no later than 5:00 p.m. (prevailing Eastern time) on April 30, 2007 (the "Bid Deadline") and served on the parties indicated in the Bidding Procedures and comply with all requirements set forth in the Bidding Procedures in order to become a Qualified Bid

PLEASE BE FURTHER ADVISED that the hearing to approve any Qualifying Bid accepted by the Debtors at the Auction and sale of the Purchased Assets will be held at 10:00 a.m. (Prevailing Eastern Time), on May 7, 2007, in the United States District Court for the District of Delaware, located at 844 King Street, Wilmington, Delaware 19801, or at such time thereafter as counsel may be heard or at such time as the Bankruptcy Court may determine. Any objection to the proposed sale must set forth, in writing, with particularity, the grounds for such objection or other statements or position, and must be filed with the Bankruptcy Court and served in such a manner that it is actually received on or before 4:00 p.m. (Prevailing Eastern Time), on May 2, 2007. Any objection not conforming to the foregoing will not be considered by the Bankruptcy Court.

PLEASE BE FURTHER ADVISED that if the sale of the Purchased Assets is approved any party that believes it may have a claim, lien, or other interest or encumbrance against, on, in or otherwise relating to any of the assets shall be forever barred from enforcing such claim, lien, interest or other encumbrance against Purchaser or such other Successful Bidder as the Selling Debtors may choose at the Auction.

PLEASE BE FURTHER ADVISED that, all requests for information concerning the sale of the Purchased Assets should be directed to the undersigned counsel for the Debtors. Copies of the Motion, Bidding Procedures, APA and Bidding Procedures Order also are available online at http://www.xroadscms.net/newcentury.

---

[1] The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc ), a Maryland corporation; New Century TRS Holdings, Inc (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan com, Anyloan com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L P (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R E O Corp , a California corporation; New Century R E O II Corp , a California corporation; New Century R E O III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L P , a Delaware limited partnership

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Bidding Procedures Motion, Motion or the APA

EX A

Dated: April 13, 2007
Wilmington, Delaware

| | |
|---|---|
| Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Marcos A. Ramos (No. 4450)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, Delaware 19899<br>(302) 651-7700 | Ben H. Logan<br>Suzzanne S. Uhland<br>Austin K. Barron<br>Emily R. Culler<br>O'MELVENY & MYERS LLP<br>275 Battery Street<br>San Francisco, California 94111<br>(415) 984-8700 |

Counsel for the Debtors and Debtors in Possession

2