LESLIE BARNES MARKS
3099 Suter Street
Oakland, CA 94602
Tel: 510/434-9758
Email: blaqrubi@yahoo.com

Plaintiff IN PRO SE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LESLIE BARNES MARKS, In Pro Per, | ) **CASE NO. C 07 2133 SI** |
| Plaintiff, | ) **RELATED CASES:** |
| | ) **UNITED STATES DISTRICT COURT** |
| v. | ) **CASE NO: 06-06806 SI** |
| | ) |
| OCWEN FINANCIAL CORPORATION, | ) **UNITED STATES BANKRUPTCY** |
| OCWEN LOAN SERVICING, DB | ) **COURT DISTRICT OF DELAWARE** |
| STRUCTURED PRODUCTS, INC. and | ) **CHAPTER 11 CASE NOS: . 07-104-16** |
| DOES, 1-100, | ) **KJC, 07-10419 KJC and 07-10421 KJC** |
| | ) |
| Defendants. | ) **NOTICE OF MOTION AND MOTION** |
| | ) **FOR SUMMARY JUDGEMENT OR** |
| | ) **IN THE ALTERNATIVE SUMMARY** |
| | ) **ADJUDICATION** |
| | ) |
| | ) Original Complaint filed |
| | ) In State Court: July 28, 2006 |
| | ) |
| | ) |
| | ) |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**
Case No.: C 07-2133 SI

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION...................................................................................1

II. MEMORANDUM OF POINTS AND AUTHORITIES ......................................3

    A.    Defendants' Violations of TILA and RESPA....................................3

    B.    Defendants' Remaining Objections Fail as a Matter of Law......................10

    C.    Plaintiff's Claim for Fraud Should Prevail. ....................................11

    D.    Plaintiff's Claim for Negligence Should Prevail. .............................12

    E.    Plaintiff's Claim for Unfair Business Practices Should Prevail. ...................13

    F.    California Department of Real Estate Licensing...........................................13

    G.    Transfer of Plaintiff's Deed of Trust ...............................................13

    H.    Miscellaneous Misrepresentations by Defendants...................................13

    I.    Plaintiff's Lis Pendens Should Remain in Effect. .........................14

III. CONCLUSION .................................................................................14

    DECLARATION OF LESLIE MARKS.............................................18

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
Case No.: C 07-2133 SI

# TABLE OF AUTHORITIES

<u>Page</u>

## CASES

*Ballistieri v. Pacifica Police Dept.,*
  901 F.2d 696 (9th Cir. 1990) ................................................................4

*Bogard v. Employees Cas. Co.,*
  164 Cal.App.3d 602 ................................................................5

*Korea Supply Co., v. Lockheed Martin, Corp.,*
  29 Cal. 4th 1134 (2003) ................................................................14

*Madrid v. Perot Systems Corp.,*
  30 Cal. Rptr.3d 210 (2003) ................................................................14

*McKnight v. Superior Ct.,*
  170 Cal.App.3d (1985)................................................................5

*Stansfield v. Starkey,*
  220 Cal.App.3d 59 (1990)................................................................5

*U.S. v. Nicolet, Inc.,*
  857 F.2d 202 (3rd Cir. 1988) ................................................................11

*Western Mining Council v.* Watt,
  *643 F.2d 628* ................................................................4

*Winger v EMC Mortgage Corporation,*
  103 Cal. App. 4th 1125; 127 Cal. Rptr. 2d 685 (2002)................................................................5

## STATUTES

15 U.S.C. ................................................................6, 9, 10, 15

28 U.S.C. ................................................................15

RESPA, §2605 ................................................................8, 14-15

Bus. Prof. § 17200................................................................13

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
Case No.: C 07 2133 SI

**NOTICE OF MOTION**

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 17, at 90:00 a.m., in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 10 on the 19th Floor, the Honorable Susan Illston presiding, Plaintiff Leslie Marks[1] ("Plaintiff" or "Marks") will and hereby does move this Court for summary judgment on the grounds that there is no genuine issue as to any material fact with respect to Defendants claims to expunge the lis pendens and Defendants claim of right to the Deed of Trust or any right to possession of the Deed of Trust or title to the property commonly known as 3099 Suter Street in Oakland, California, (the "Property") the subject matter of this litigation.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Leslie Marks and the pleadings and papers filed in this action and relevant information in the related action(s) and on such additional evidence and oral argument that the Court may consider.

**I.    INTRODUCTION**

This litigation began in a related action with Plaintiff alleging New Century, Home 123 and Tom Chicoine (hereinafter, "Chicoine Defendants" unless specifically named individually) used illegal, fraudulent and negligent tactics to place Plaintiff in a burdensome mortgage, which those Chicoine Defendants were aware Plaintiff could not afford, and was not in the best interest of Plaintiff.  Plaintiff alleged that the Chicoine Defendants knew that Plaintiff could not afford to make reasonable payment on the loan, New Century Loan No. 1006788513 (hereinafter "NC Loan"), and performed illegal acts such as falsifying documents to "qualify" Plaintiff for the unlawful and burdensome NC Loan.

Chicoine Defendants' then Counsel of Record, Brian Gunn of Wolfe and Wyman,

---

[1] Plaintiff filed and recorded the lis pendens in this matter in good faith and to advise the public that the Property is the subject of litigation.  This Court's decision, would supercede any purchase or attempt to transfer the deed of trust while this litigation is pending.

1

advised Plaintiff that Chicoine Defendants wanted to settle the matter, place her in a 'below market rate" mortgage and the amount of the loan would be determined after the Property was appraised.  Chicoine Defendants, did not send new loan documents or an appraiser, Chicoine Defendants served Plaintiff with motions instead.  This resulted in Plaintiff suffering additional emotional stress and financial hardship to defend herself in a litigation that she believed would be settled and resolved quickly and quashing the then pending Notice of Intent to Foreclose.  These deceitful actions act put undue stress, emotional and financial burden on Plaintiff, resulting in irreparable damage to Plaintiffs credit and marketability.

In the meantime, the Federal Government and the SEC began investigating New Century for the very same violations Plaintiff alleged in her complaint months earlier.  This investigation was sparked with approximately 2% of Chicoine Defendant New Century's clients across the United States, not being able to make the first payment on their mortgage loans.  During the course of the litigation it was discovered that Chicoine Defendants New Century and Home 123 were one in the same company.  Plaintiff and the Court were advised that Defendant Chicoine appeared to have "fled" as the news of the federal investigation and SEC probe became very public.

On or about, April 2, 2007, Chicoine Defendants New Century and Home 123 filed Chapter 11 Bankruptcy (see, related bankruptcy actions above.).  The matter at bar arises as approximately five (3) days prior to filing Chapter 11 Bankruptcy, Defendant New Century transferred Plaintiff's loan to OCWEN and DB Structuring.  (Plaintiff believes **OCWEN** is some how affiliated with **NEW** Century COmpany.)  In addition to the bold and blatant violation of the fifteen (15) day RESPA Notice requirement, the Bankruptcy law was also violated.  In layman's terms, as a consumer cannot "max out" their credit cards prior to filing a Chapter 13 bankruptcy, corporate defendants cannot "sell off and transfer" property immediately prior to filing Chapter 11 bankruptcy without adhering to specific guidelines and bankruptcy law as well as some governed by RESPA.

Plaintiff filed a summons and complaint against Defendants OCWEN and DB

2

Structuring to which Defendants (hereinafter "Defendants" unless specifically referenced) filed a Motion to Dismiss and request to expunge lis pendens filed and recorded by Plaintiff.

This Summary Judgment motion opposes Defendant's Motion to Dismiss, opposes Defendants Motion to Expunge lis pendens and respectfully requests this Court make a summary judgment determination on the pleadings and papers filed in this action and applicable related actions in favor of Plaintiff and against all Defendants.

## II.    MEMORANDUM OF POINTS AND AUTHORITIES

### A.    Defendants' Violations of TILA and RESPA

Defendants completely misconstrue or clearly misunderstand the substance of Plaintiff's complaint and allegations in this matter. In Defendants' Memorandum of Points and Authorities (hereinafter, "MPA" at p. 1, 3:9, Defendants' state: "Marks concedes her loan is in default and that the instant action is related to her prior proceeding .... Facing the stay of her claims against New Century ... Marks now attempts to reassert and extend her claims to new parties..." Defendants are professionals in the industry and should be aware of the status of a loan they are "purchasing" for "servicing." Defendants should know the payment history of the loan and whether or not it is in active litigation at the time of their purchase. Defendants had to know the loan was in default at the time of their purchase of the loan, if they acted in good faith and checked Plaintiff's credit report. Also, the federal investigation of New Century was very public, Plaintiff fails to see how any mortgage industry professional could not be aware of the pending federal investigation, SEC investigation and the obvious bankruptcy filing of Chicoine Defendant New Century to evade Federal prosecution and SEC violations. New Century, Home 123 and other companies were issued "cease and desist orders and immediately estopped from doing further business in California. Upon discovering the loan was in default, the next step is to verify if there is any pending litigation – why is Plaintiff still living in the property? Why is there no pending Notice of Foreclosure? Then the question is "Why purchase this loan in particular?" Or even more professionally, "Is the purchase of this loan a profitable business decision?" Defendants acquired a loan, fully knowledgeable of the legal issues involved,

3

and boldly and blatantly violated RESPA in their acquisition of the loan. Defendants' act of purchasing a loan that is in default and in active litigation AND boldly violating RESPA to secure the transaction is the reason Plaintiff's brings this action against Defendants. As Defendants should be well aware, this loan was in litigation prior to their purchase and the order of this Court in this matter will supercede their purchase. The Order of this Court will and can completely negate their purchase. Defendant DB Structuring has an active claim against New Century in the related action regarding certain commercial properties. The DB Structuring complaint in the related Bankruptcy matter alleges among other things, that it purchased commercial property loans from New Century and New Century kept the money and did not turn over the files. (Plaintiff's property was NOT one of those properties as Plaintiff's property is her Primary Residence and homestead, not a commercial property.) Defendant OCWEN, mysteriously, appears to the one company related to New Century who is NOT seeking restitution in the bankruptcy action.

Plaintiff clearly reiterates her claims against OCWEN and DB Structuring are clear and in good faith question their right to hold her Deed of Trust to the Property and further asserts no Defendant has the right to hold her Deed of Trust.

Defendants completely misconstrue or clearly misunderstand the issue in this matter. Plaintiff continues to allege that the transfer of the NC Loan to OCWEN was untimely and in violation of RESPA. Plaintiff has not "invoked" the automatic stay and Plaintiff challenges Defendants to prove that she did. In Defendants MPA at p. 2, 9:13, Defendants statements are irrelevant and make no relevant point in relation to this matter or Plaintiff's allegations against Defendants. Defendants' MPA at p. 2, 22:23 Defendants cite *Ballistieri v Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1990) this case is irrelevant it relates to police brutality. In Defendants' MPA p. 3, 1:2 Defendants cite *Western Mining Council v Watt*, 643 F.2d 628, this cite is irrelevant as it relates to the validity of the Federal Land Policy and Management Act of 1976. There is no merit in Defendants' definition of the Applicable Standards for a Motion to Dismiss. This Court has already ruled on that issue in the related case 06-06806. See, Illston Order filed 01/18/2007 at p. 4.

Plaintiff does not want to waste the Court's time reviewing each and every irrelevant cite in Defendants' Motion for Dismissal, however, a few notable cites include: Defendants' MPA at p. 11, 2:4 *Bogard v. Employees Cas. Co.*, 164 Cal.app.3D 602 – no relevance here, relates to a dog bit case; Defendants' MPA at p.9, 8:9 *Stansfield v. Starkey* 220 Cal.App.3d 59 – no relevance here relates to misrepresentation regarding church membership. Defendants cite several securities fraud cases, all irrelevant in the matter at bar. Of all the cases cited by Defendants in their motion to dismiss Plaintiff believes one, *McKnight v. Superior Ct.* (1985) 170 Cal.App.3rd (Defendants MPA p. 16, 13;15) may remotely be relevant, but as Defendants do not allege any justifiable reason to expunge the lis pendens, Plaintiff deems this case irrelevant as well.

Defendants' violation of RESPA is a viable claim, Defendants violation of TILA is a viable claim. Plaintiff has a likelihood of prevailing on her Complaint in this action, Defendants request for dismissal and expungement of the lis pendens should be DENIED.

Defendants are incorrect in their assertion that this action is not related to the prior action brought by Plaintiff against the Chicoine Defendants. The Plaintiff's Principal Residence is involved, the same Deed of Trust is involved and the same loan is involved, Defendants just assigned that loan a new number. Because Defendants assigned the Loan a new number OCWEN Loan No. 80590441 (hereinafter, the "Loan" relating to NC Loan and OCWEN Loan) does not change the substance of this case and the related case and the common subject matter and issues common to both. See, e.g., *Winger v EMC Mortgage Corporation*, 103 Cal. App. 4th 1125; 127 Cal. Rptr. 2d 685 (2002), borrower was able to present the failure to provide proper notice of transfer a defense against foreclosure.

Defendants violated RESPA as is clear in their correspondence to Plaintiff dated March 27, 2007 and received by Plaintiff on the effective date of transfer. See, Exhibit A attached to Plaintiff's Complaint, filed in this matter. In the correspondence sent on New Century stationary and in an OCWEN stationary envelope, Defendants should be aware the status of the loans to the property it purchases. Defendants had to be aware that New Century was under a very public federal investigation at the time, that New Century was

filing Bankruptcy on the "effective date" of the transfer of the Loan to Defendants. Plaintiff's allegations are asserted against Defendants OCWEN and DB Structuring in this matter. Plaintiff alleges that OCWEN and DB Structuring acquired the Deed of Trust to the property in BAD FAITH, and in bold violation of several laws.

Defendants state in their MPA on p.1, 1:15: "...An assignee or "holder" of the beneficiary interest in a loan is NOT liable under TILA unless the Plaintiff establishes that the alleged violation was apparent on the face of the loan documents or the assignee had reasonable grounds to believe the originating lender violated TILA. 15 U.S.C. § 164 (e), 15 U.S.C. § 164 (f)." Plaintiff contends that OCWEN and DB Structuring knew or should have known that the loan was in default for several months and knew or should have known that the loan was in ACTIVE litigation. The very public federal investigation should have raised and eybrow or two. Defendants, had prior knowledge that RESPA and TILA violations were alleged against New Century and Home 123, in the related case and by the Federal Government, but as the very public federal investigation and SEC investigation was clear, in the very least Defendants were aware there were possible violations of several laws relating to mortgage loans and fraud. On the "face" of the documents New Century is clearly apparent so Plaintiff has now established that the alleged violation was clearly apparent.

Plaintiff states that the service of the Complaint on Defendants in this matter, and as Plaintiff advised Defendants through her pleadings and in communications with their counsel of record, Attorney Allison, laintiff's Complaint DOES meet the criteria as a "Qualified Written Request". Section 2605 (B) states a "qualified written requests must contain:

Qualified Written Request

For purposes of this subsection, a qualified written request
shall be a written correspondence, other than notice on a
payment coupon or other payment medium supplied by the servicer,
that--
(i) includes, or otherwise enables the servicer to
identify, the name and account of the borrower; and

6

1
2
3

(ii) includes a statement of the reasons for the belief
of the borrower, to the extent applicable, that the account
is in error or provides sufficient detail to the servicer
regarding other information sought by the borrower.

4      Plaintiff advised Defendant that her Complaint was to be construed as a Complaint
5 as well as a Qualified Written Request. To date, Plaintiff had discussions with Attorney
6 Allison on whether or not this was a "valid" written request. Plaintiff made certain her
7 Complaint contained all the necessary criteria as defined above. Defendants, again violate
8 RESPA by not conducting the investigation and providing the required response as required
9 above.

10      Defendants clearly support Plaintiff's allegations of RESPA violations in their MPA
11 at p. 5, 10:23 and at p. 6, 1:7. Defendants, when acquiring a Deed of Trust of a primary
12 residence had a duty ensure the property it is acquiring is legally acquirable. Defendants are
13 clear the Notice of Transfer letter was dated March 27, 2007 and the effective date of
14 Transfer was April 2, 2007, less than 15 (fifteen) days in violation on RESPA – a condition
15 clearly written and defined on the March 27, 2007 correspondence. Defendants err in their
16 thinking that just because they changed the Loan number and provided an "effective date"
17 they are some how entitled to Plaintiff's Deed of Trust. Plaintiff received the Notice of
18 Transfer letter dated March 27, 2007 on April 2, 2007, the effective date of Transfer. This
19 is clear violation of RESPA, and Defendants knew the loan was in default at the time of
20 their acquisition. The response to this Qualified Written Request was due on or about June
21 25, 2007, the response time has passed. Defendants are in violation and not entitled to
22 Plaintiff's Deed of Trust.

23      New Century up to April 1, 2007 was represented in the prior litigation by Counsel
24 Brian Gunn, and any notices SHOULD have come from their then Counsel of Record and
25 properly served on Plaintiff, instead, Defendant OCWEN decided to mail the document
26 from their stationary envelope. Plaintiff should not be penalized or lose the Property, her
27 primary residence and homestead, because Defendants, feel entitlement or bound by an
28 illegal "effective date" illegally, in bad faith and in an attempt to circumvent the bankruptcy

7

"automatic stay" in favor of New Century, Defendants wrongfully acquired the Deed of Trust to the Property.

Defendants further support Plaintiff's allegations of RESPA violations in their MPA at p. 6, 19:23. As Defendant's modifications inadequately quote the contents of Section 2605, Plaintiff provides the following:

1) Notice requirement

Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.

(2) Time of notice

(A) In general

Except as provided under subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower *not less than 15 days before the effective date of transfer of the servicing of the mortgage loan* (with respect to which such notice is made).

(B) Exception for certain proceedings

The notice required under paragraph (1) shall be made to the borrower *not more than 30 days after the effective date of assignment, sale,* or transfer of the servicing of the mortgage loan (with respect to which such notice is made) in any case in which the assignment, sale, or transfer of the servicing of the mortgage loan is preceded by--
(i) termination of the contract for servicing the loan for cause;
(ii) commencement of proceedings for bankruptcy of the servicer; or
(iii) commencement of proceedings by the Federal Deposit Insurance Corporation or the Resolution Trust Corporation for conservatorship or receivership of the servicer (or an entity by which the servicer is owned or controlled).

Plaintiff intreprets this in relation to this matter at bar as follows:

On and up to April 1, 2007, Plaintiff was entitled by RESPA to receive a 15 day

8

Notice of Transfer BEFORE the effective date of the transfer. That notice should have come to Plaintiff on behalf of the Chicoine Defendants from their then Counsel of Record, Brian Gunn's office, as no Chicoine Defendant was protected by the automatic stay prior to April 2, 2007. Plaintiff received Notice of Transfer ON April 2, 2007 the EFFECTIVE DATE of the Transfer. Furthermore, the document was sent regular mail, utilizing New Century letterhead and OCWEN stationary envelope. The Exception in Rule 2605 does not apply here as New Century filed Bankruptcy on April 2, 2007. Defendants' interpretation further fails as for the Notice of Transfer to be valid, it would have had to have been served within 30 days AFTER the commencement of the proceedings for bankruptcy. As such, Defendants have violated RESPA, as they have NOT provided an additional Notice of Transfer within 30 days of the alleged "effective date" of April 2, 2007. Furthermore the time for notice that qualifies under RESPA has passed. Defendants further err in attempting to state their correspondence dated April 6, constitutes a Notice of Transfer, it does not under RESPA.

Defendants violate TILA as the truth in lending as under 15 U.S.C. §1641(f) as at the time of acquiring Plaintiff's Deed of Trust from New Century, Defendants had to be aware that New Century was under federal and SEC investigation for several of the very same allegations Plaintiff brought. Defendants had to know the loan was in default and in active litigation. Defendants purchased the loan in bad faith in an attempt to steal Plaintiff's primary residence from her. Defendant DB Structuring attempts to recoup some sort of money to balance its' losses claimed in the related Bankruptcy action and Defendant OCWEN is simply New Century's enabler. Defendant's MPA at p. 4, 16:20 is completely irrelevant, Chicoine Defendants Home 123 AND New Century are one in the same company and both are currently protected by the automatic stay. Furthermore, if Home 123 is the recorded lender of public record, why did OCWEN purchase the loan from New Century? Defendants' MPA at p. 4, fn.9 states that "TILA actions for rescission or damages commence from the time of the disclosure violation, i.e. when the loan was consummated." Plaintiff interprets this to mean that Defendants, as the illegal party in possession of

9

Plaintiff's Deed of Trust, is now also responsible for the loan from the time the loan was consummated, not from the time it acquired the loan. Plaintiff's prayers can be satisfied in this litigation. 15 U.S.C. §§ 1635(f), 1640(e).

**B.    Defendants Remaining Objections Fail As A Matter Of Law.**

Defendants' MPA at p. 6, fn.14. If Defendants are aware that "Home 123 was the current holder of the loan, not New Century" Plaintiff alleges Defendants were aware that there were disputes in the related litigation that it was not even clear whether New Century or Home 123 held the note, why would Defendants, in GOOD FAITH, purchase the note? A note in active litigation and in default? Defendants offer no feasible, reasonable or good faith reason for making such a decision nor justification for such an act.

Defendants' MPA at p.7 1:5, misstate Plaintiffs allegations entirely. Plaintiff did NOT receive notice AFTER Defendants filed for Bankruptcy, Plaintiff received Notice on the EFFECTIVE DATE OF TRANSFER, which was the first date New Century was protected by the Automatic Stay, i.e. the date New Century filed Chapter 11. Notice would have to be dated AFTER that date, not before. Since Notice was given BEFORE the commencement of the Bankruptcy filing, the Chicoine Defendants were NOT in bankruptcy, the Notice is deficient under RESPA.

Defendants' MPA at p. 7 6:14 are untruths. Plaintiff invites Defendants to provide this Court and with the Certified Mail receipt to prove service of this document and any other documents it claims it served on Plaintiff. Plaintiff further alleges that Defendants are so careless as to send documents regarding her most valuable possession via regular mail and not certified mail or some other system where there will be a record of the actual mailing. Could this too, be a ploy to further clouds the intentions of Defendants? The only documents received by Plaintiff have been attached to the Complaint as Exhibits attached hereto. Defendants have realized that Plaintiff is correct in her interpretation of their RESPA violations and attempt to persuade this Court that they have served documents that they have not. Even if Defendants have mailed another document, that document should be a Notice of Transfer, and Defendants can't transfer documents they don't own. Defendants

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**
Case No.: C 07 2133 SI

had to have received the documents from Chicoine Defendant New Century PRIOR TO any Chicoine Defendant filing bankruptcy. Furthermore, once New Century filed Chapter 11, they would have to have permission or an order from the Court to transfer the documents to OCWEN. Plaintiff fails to see where Defendants have proven that they have an Order from the Bankruptcy Court allowing them to transfer property – dated, of course, after April 2, 2007.

Defendants' MPA at p. 7, 15:21, Plaintiff is simply at a loss for words this is just irrelevant commentary on the part of Defendants and is not even good reading material. Defendants cite: *U.S. v Nicolet, Inc.*, 857 F.2d, 202, 206 (3rd Cir. 1988) is a case regarding a bankruptcy issue and relief from stay which has no relevancy here whatsoever.

Defendants' MPA at p 7. 13:23. here Defendants falsely characterize the letter of April 6, 2007 as a Notice of Transfer. Again, Defendants realize that they in violation of RESPA and attempt to clean it up. The letter of April 6th assumes the validity of the transfer and is an attempt to follow-up and make Plaintiff believe her fate has been sealed by an illegal transfer. Defendant's implication that this qualifies as Notice of Transfer is again in violation of RESPA requirements. Again, any transfer of property from any Chicoine Defendant after April 2, 2007 would have to be pursuant to Bankruptcy Court Order signed by the Honorable Kevin J. Carey.

### C.    Plaintiff's Claim for Fraud Should Prevail.

This Court has already defined fraud in the related action, which applies here. Defendants purchased a loan that was in default, currently in litigation, violated RESPA and attempt to "sugar coat" their violations. Plaintiff has met the burden of fraud, she has defined the specific dates of the allegations, provided documentation supporting her allegations. Plaintiff has made it crystal clear that the actions of Defendant are fraudulent, Defendants purchased a mortgage loan in bad faith in violation of TILA. Defendants have not proved where their purchase of the loan is in any way benefiting the Plaintiff. By the loan being in default and litigation, Defendants only benefit would be to steal Plantiff's primary residence, in a bold move to sidestep the automatic stay. It is Defendants

attempting to violate and abuse the Bankrupty law, RESPA and TILA not Plaintiff. Furthermore, Defendants have not made clear how one "services" a loan that is in active litigation and in default? A loan in this state does not need "servicing" it needs RELIEF from predatory lenders, and predatory servicing companies.

Defendants' MPA at p. 10, 1:17, again, RESPA states 15 DAYS PRIOR TO THE EFFECTIVE DATE, not WITHIN 15 days. Plaintiff's claim for fraud should prevail.

### D.    Plaintiff's Claim for Negligence Should Prevail.

Defendants MPA at p. 11 1:17, again Defendants fail to see any negligence in purchasing a loan that is in default, and in current litigation. Defendants could not possibly been acquiring the loan to assist Plaintiff retain her property. The fact that Defendants attempt to divert all bad acts to New Century, who is currently protected by the Automatic Stay – Defendants fail to take any responsibility upon themselves for attempting to steal Plaintiff's property on behalf of New Century, effectively circumventing the Bankruptcy Law and attempting to steal Plaintiff's primary residence – all while viewing reports of illegal acts of Chicoine Defendants, on TV, Radio, internet, word of mouth, the newspapers, your secretary, etc....

Actionable negligence is comprised of four elements; a legal duty to use due care, a breach of such duty, damages or injury and the breach as the proximate or legal cause resulting in the damage or injury. In the instant case, Defendants failed to provide Plaintiff with notice required by RESPA, failed to respond and chose to ignore Plaintiff's Qualified Written Request, failed to state a reasonable cause to dismiss Plaintiff's case or expunge Plaintiff's lis pendens. There is no merit in Defendants contention that it served Plaintiff *"within"* 15 days when RESPA clearly states "15 days *before* the effective date." Defendants attempt to continue predatory lending activities within the Court system attempting to steal Plaintiff's Primary residence despite Defendants bold and blatant violation of several laws.

**E.     Plaintiff's Claim for Unfair Business Practices Should Prevail.**

Under Section 17200 the Business and Professions Code, unfair competition is defined as "any unlawful, unfair, or fraudulent business act or practice..." See, Illston Order of April 6, 2007 p.8 4:21 in the related action. "Unfair" simply means any practice whose harm to the victim outweighs the benefits, "Fraudulent" as used in the statute, does not refer to the common law tort for fraud, but only requires a showing that members of the public are likely to be decieved. Defendants is very likely to deceive others if allowed gets away with the clear and blatant RESPA and bankruptcy law violations.

**F.     California Department of Real Estate Licensing.**

Plaintiff withdraws this allegation. Specifically, Defendants do not have to be registered with the Department of Real Estate in order to service loans in the State of California. The withdrawal of this allegation does not apply to any of the other allegations and those allegations are still valid. Due to the current activities of sub-prime lenders and unscrupulous lending and "servicing" institutions, this law may change. If it does, and becomes effective during the life of this litigation, Plaintiff reserves the right to reinstate this claim if it becomes lawful to do so.

**G.     Transfer of Plaintiff's Deed of Trust.**

Defendants are WRONG. Plaintiff has a lis pendens, to let the public know this loan is in litigation. The loan is in default and Plaintiff allegations mirror the federal investigation into sub-prime lending. A good faith lender would wait for litigation to be resolved. A good faith lender would know this matter is in litigation. Defendants' actions in lay terms would be called "stealing." Defendants again attempt to rewrite Plaintiff's complaint and misinterpret her allegations. Violations of RESPA are illegal.

**H.     Miscellaneous MisRepresentations by Defendants.**

Defendants' MPA at p. 15, 2:7 Plaintiff makes no allegation that the transfer violated Section 17200 Plaintiff alleges that the **act** of Defendants purchasing a loan in active litigation and in default violates Section 17200. This is a present event as is this current litigation.

13

Defendants' MPA at p. 15 9:26, Defendants cite *Korea Supply Co., v Lockheed Martin Corp* (2003) 29 Cal 4th 1134, 1152 is irrelevant here this is a case relating to unfair competition regarding military equipment; *Madrid v. Perot Systems Corp* (2005) 30 Cal. Rptr.3d 210, 218, irrelevant here this is another unfair competition case that is irrelevant here.

Plaintiff withdraws her prayer at Paragraph 8, that "This Court dismiss this action with prejudice against all Defendants." Plaintiff's revised prayer is as outlined below. Plaintiff respectfully requests this Court to consider the revised Prayer as set forth below and consider the revised prayers as if incorporated in the original Complaint.

### J.   Plaintiff's Lis Pendens Should Remain In Effect.

Plaintiff's *lis pendens* should remain in effect until this litigation is resolved. Defendants should be required to post an undertaking to protect Plaintiff's interests to which Defendants in possession of are not entitled to. Any undertaking should be posted by Defendants as they illegally hold her Deed of Trust to the Property, holding far more "interest" than they deserve or are entitled to.

Defendants offer no reasonable or valid reason for expunging Plaintiff's Lis Pendens. This Court is well aware of the procedures necessary to expunge a lis pendens. Defendant's only reason for requesting expungement it to afford Defendants the ability to proceed to illegally foreclose on Plaintiff's primary residence and effectively steal and profit from a property they have no right to have. Plaintiff has every right to protect her primary residence and homestead from predators and predatory lenders or "servicing" companies.

### III.   CONCLUSION

Section 2605 states:

(f) Damages and costs

Whoever fails to comply with any provision of this section shall be liable to the borrower for ***each*** such failure in the following amounts:

(1) Individuals

> In the case of any action by an individual, an amount equal to the sum of--
> (A) any actual damages to the borrower as a result of the failure; and
> (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §331 because Plaintiff has alleged causes of action for violation of the Federal Truth in Lending Act, pursuant to 15 U.S.C. §1601 et seq.   This Court has subject matter jurisdiction over state law claims alleged herein pursuant to 28 U.S.C. § 1367.

Defendants state no basis, fact, viable legal argument, cite any case worthy to support their motion, or any evidence whatsoever to sustain a judgment in their favor. Defendant's motion to dismiss consists of misstatements of facts and untruths. Defendant's motion to expunge offers no valid reason or legal justification to expunge the *lis pendens* or to request Plaintiff to make an undertaking of any kind.

Defendants allege that Plaintiff has not been wronged. Plaintiff has been wronged. Plaintiff has not been able to "live" in her home comfortably. Plaintiff has worked for 4 years to pay off a Chapter 13 and clean up her credit. This litigation and the related actions has ruined her credit, along with a long term banking relationship. The unnecessary stress and fear of the real threat of losing her primary residence and the real threat of homelessness for her and her handicapped son has caused Plaintiff irreparable harm emotionally, financially and seriously impaired her marketability.

Defendants' claims and each of them have no merit and the cases Defendants cite are without merit fail to sustain their position.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them as follows:

1.   For immediate CEASE AND DESIST ORDER enjoining all Defendants, and each of them, their agents, servants, heirs, dba's, fka's, corporate affiliates, subsidiaries,

employees, and all persons or entities acting under, in concert with, on their behalf in any capacity from selling or conveying or attempting to sell or convey any interest whatsoever that Plaintiff may have in the real property commonly known as 3099 Suter Street, Oakland, California, relating to OCWEN LOAN NO. 80590441 and any reference DB STRUCTURED PRODUCTS, INC. may have, which is presently unbeknownst to Plaintiff but directly related to OCWEN LOAN NO. 80590441 and the property commonly known as 3099 Suter Street, Oakland, California;

2.      For immediate preliminary injunction and permanent injunction, enjoining all Defendants, and each of them,, their agents, servants, heirs, dba's, fka's, corporate affiliates, subsidiaries, employees, and all persons or entities acting under, in concert with, on their behalf in any capacity from selling or conveying or attempting to sell or convey any interest whatsoever that Plaintiff may have in the real property commonly known as 3099 Suter Street, Oakland, California, relating to OCWEN LOAN NO. 80590441 and any reference DB STRUCTURED PRODUCTS, INC. may have, which is presently unbeknownst to Plaintiff but directly related to OCWEN LOAN NO. 80590441;

3.      That the deed of trust referred to in this complaint – securing OCWEN LOAN NO. 80590441 be rescinded and Plaintiff's Deed of Trust immediately restored to Plaintiff;

4.      For rescission of the Deed of Trust and any and all mortgage documents relating to OCWEN Loan No. 80590441, to Plaintiff's favor;

5.      That Plaintiff's credit standing be fully restored in relating to OCWEN Loan No. 80590441 in its entirety – from the commencement of the loan known as OCWEN Loan No. 80590441;

6.      Deed of Trust to the property commonly known as 3099 Suter Street, Oakland, California, be fully restored to Plaintiff in the name of "Leslie Barnes Marks;

7.      That the OCWEN Loan No. 80590411 be forgiven in its entirety, any and all tax resulting tax consequence or liability be bore by Defendants;

8.      For general, special and compensatory damages according to proof including judgment against Defendants with prejudice and without leave to amend or appeal;

9.     For such other and further relief as this Court deems just and proper.

Dated: July 22, 2007

_Leslie Marks_
Leslie Marks, In Pro Se

17

# DECLARATION OF LESLIE MARKS

I, Leslie Marks, am the Plaintiff in this matter. I have stated facts and issues to the best of my knowledge and belief and if necessary could and would testify under oath to the validity of the contents of my Motion for Summary Judgment.

1.     References to any Chicone Defendants who are protected by the Automatic Stay in the related bankruptcy actions are not to be construed as any attempt to violate any rights or protections those defendants may have under the Automatic Stay. This Court has made it crystal clear, that no action can be taken against those defendants until such time as the automatic stay is lifted. Those references are made as they relate to the current action, for clarification of points, and to show how Defendants attempt to enable sub-prime tactics, even in the court system.

2.     References to the Defendants in the instant case regarding violations of the bankruptcy law, Plaintiff wishes to clarify that Plaintiff believes Defendants is, and was aware of the intention of certain Chicoine Defendants to file Bankruptcy and attempted to enable to those certain Chicoine Defendants to circumvent the law to continue their established pattern of sub-prime practice. Allegations in this matter are directed specifically to the Defendants identified herein as OCWEN and DB Structuring.

3.     Defendants attempt to claim that their April 6, 2007 letter serves as a Notice of Transfer – without an order from the bankruptcy court is how Plaintiff is alleging Defendants violate Bankruptcy laws. Furthermore, making specific allegations against certain Chicoine Defendants, which Defendants are certain this Court cannot make a ruling on is abuse of the Court system and rules.

I declare under penalty of perjury that the forgoing statements are true and correct, signed this 22nd day of July, 2007 in Alameda, California.

_____
Leslie Marks