**United States District Court**
For the Northern District of California

1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8  LESLIE BARNES MARKS,                         No. C 07-02133 SI
9          Plaintiff,                           **ORDER GRANTING IN PART
                                                DEFENDANTS' MOTION TO DISMISS**
10     v.
11  OCWEN LOAN SERVICING, et al.,
12          Defendanst.
                                              /
13

14         On August 17, 2007, the Court heard argument on defendants' motion to dismiss plaintiff's

15  complaint and expunge the lis pendens.  Having considered the arguments of the parties and the papers

16  submitted, and for good cause shown, the Court hereby GRANTS IN PART and DENIES in part

17  defendants' motion.

18

19                                **BACKGROUND**

20         This case is closely related to another action filed by plaintiff in this Court, *Marks v. Chicoine*,

21  Case No. C 06-6806.   The cases center on allegations that plaintiff, Leslie Marks, was misled into

22  placing an economically burdensome mortgage on her home.  On April 2, 2007, defendants in the

23  *Chicoine* action filed notices of bankruptcy filing by New Century Mortgage Corporation and Home 123

24  Corporation.  Consequently, plaintiff's action against New Century and Home 123 is currently stayed.

25         On or near the day that New Century and Home 123 filed for bankruptcy, New Century

26  transferred the servicing of plaintiff's mortgage to defendant in this case, Ocwen Loan Servicing, LLC.

27  The mortgage itself was also apparently transferred, to DB Structured Products, which is also named

28  as a defendant in this case. Subsequently, plaintiff filed this case, alleging four causes of action against

1    Ocwen and DB.  Ocwen and DB now move to dismiss the complaint.

2         After defendants filed the instant motion to dismiss, plaintiff filed a motion for summary

3    judgment.  She has not filed an opposition to defendants' motion.  However, the Court has reviewed

4    plaintiff's motion for summary judgment, and it is essentially an opposition to defendants' motion.  The

5    Court therefore construes plaintiff's motion for summary judgment as an opposition to defendants'

6    motion to dismiss.

7

8                                    **LEGAL STANDARD**

9         Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it

10   fails to state a claim upon which relief can be granted.  The question presented by a motion to dismiss

11   is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer

12   evidence in support of the claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

13   *grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

14        In answering this question, the Court must assume that the plaintiff's allegations are true and

15   must draw all reasonable inferences in the plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d

16   556, 561 (9th Cir. 1987).  Even if the face of the pleadings suggests that the chance of recovery is

17   remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings.  *See*

18   *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

19        If the Court dismisses the complaint, it must then decide whether to grant leave to amend.  The

20   Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request

21   to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

22   the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal

23   quotation marks omitted).

24

25                                      **DISCUSSION**

26   **I.        First cause of action:  fraudulent misrepresentation and negligence**

27        Plaintiff's first cause of action is captioned:  "fraudulent misrepresentation and negligence."

28   Complaint at 5.  Under California law, the elements of common law fraud are "misrepresentation,

*United States District Court*
*For the Northern District of California*

2

1  knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage." *Gil v. Bank of*

2  *Am., Nat'l Ass'n*, 42 Cal. Rptr. 3d 310, 317 (Cal. Ct. App. 2006).  Common law claims of fraud must

3  be pled with particularity.  *See* Fed. R. Civ. P. 9(b) ("in all averments of fraud . . . the circumstances

4  constituting fraud . . . shall be stated with particularity.").  Therefore, in addition to the "time, place and

5  content of an alleged misrepresentation," a complaint "must set forth what is false or misleading about

6  a statement, and . . . an explanation as to why the statement or omission complained of was false or

7  misleading." *Yourish v. California Amplifier*, 191 F.3d 983, 993 & n.10 (9th Cir. 1999).  These

8  requirements can be fulfilled by pointing to information that was available to the defendants at the time

9  that the allegedly false statements were made.  *See Yourish*, 191 F.3d at 993.

10        To state a claim for negligent misrepresentation, a plaintiff must allege that:  (1) the defendant

11  made a misrepresentation of a past or existing material fact; (2) without reasonable grounds for

12  believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4)

13  ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was

14  directed; and (5) damages.  *See B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 834 (Cal. Ct. App.

15  1997).

16        Plaintiff's complaint fails to adequately allege any misrepresentation or false statement made

17  by defendants in this case.  Accordingly, the Court must DISMISS plaintiff's first cause of action, with

18  leave to amend by September 14, 2007 if plaintiff wishes to do so.

19

20  **II.      Second cause of action:  Truth in Lending Act**

21        Plaintiff brings her second cause of action under the Truth in Lending Act ("TILA"), 15 U.S.C.

22  section 1601 et seq.  TILA is a large statute, with many provisions, and there are thus many ways in

23  which a defendant might violate TILA.  Plaintiff's complaint, however, does not allege which provision

24  of TILA defendants violated, nor does it allege specifically how defendants violated TILA, and thus

25  does not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

26  rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957).  The Court therefore DISMISSES

27  plaintiff's second cause of action, with leave to amend by September 14, 2007 if plaintiff wishes to do

28  so..

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2 **III.    Third cause of action:  Business and Professions Code Section 17200**

3        Plaintiff's third cause of action is for violation of California Business and Professions Code

4 Section 17200, et seq.  Under Section 17200, unfair competition is defined as "any unlawful, unfair, or

5 fraudulent business act or practice . . ."  "'Because Business and Professions Code section 17200 is

6 written in the disjunctive, it establishes three varieties of unfair competition--acts or practices which are

7 unlawful, or unfair, or fraudulent.'" *Schvatrz v. Budget Group, Inc.*, 81 Cal. App. 4th 1153, 1159 (2000)

8 (quoting *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647(1996)).

9            Pursuant to Bus. & Prof., Code, § 17200, which defines unfair competition, the
             "unlawful" practices prohibited are any practices forbidden by law be it civil or criminal,
10           federal, state, or municipal, statutory, regulatory, or court-made. It is not necessary that
             the predicate law provide for private civil enforcement.  Section 17200 borrows
11           violations of other laws and treats them as unlawful practices independently actionable.
             "Unfair" simply means any practice whose harm to the victim outweighs its benefits.
12           "Fraudulent," as used in the statute, does not refer to the common law tort of fraud, but
             only requires a showing members of the public are likely to be deceived.
13
*Saunders v Superior Court*, 27 Cal. App. 4th 832 (1994).
14
             There are two lines of appellate opinions addressing the definition of "unfair" within the
15           meaning of the UCL in consumer actions.  One line defines "unfair" as prohibiting
             conduct that is immoral, unethical, oppressive, unscrupulous or substantially injurious
16           to consumers and requires the court to weigh the utility of the defendant's conduct
             against the gravity of the harm to the alleged victim.  The other line of cases holds that
17           the public policy which is a predicate to a consumer unfair competition action under the
             "unfair" prong of the UCL must be tethered to specific constitutional, statutory, or
18           regulatory provisions. . . .

19 *Bardin v. DamlierChrysler Corp.*, 136 Cal. App. 4th 1255, 1260-61 (Cal. Ct. App. 2006) (citations

20 omitted).

21        As discussed below, plaintiff adequately states a claim for violation of RESPA against OCWEN.

22 As such, she adequately states a claim under the "unlawful" prong of Section 17200.

23        Defendants argue that plaintiff's Section 17200 claim is barred because under Section 17200

24 "relief is not available to remedy past conduct."  Mot. at 15:2-3.  This was true under past versions of

25 Section 17200, but in 1992 the legislature amended Section 17200 to cover any "act," past or present.

26 *See Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 570 (1998).

27        Defendants also argue that plaintiff's Section 17200 claim is barred because it improperly seeks

28 disgorgement.  Under her Section 17200 claim, plaintiff seeks the "equitable remedy of restitution (i.e.

1    disgorgement) of all money, property and benefits wrongfully obtained by Defendants." Complaint ¶

2    42.  Restitution is explicitly allowed as a remedy under Section 17200.  As stated by the California

3    Supreme Court:

> an order for restitution is one "compelling a [] defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person."  The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest.

7    *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003) (quoting case).  An order

8    for disgorgement, or "surrender [of] all money obtained through an unfair business practice even though

9    not all is to be restored to the persons from whom it was obtained or those claiming under those

10   persons," is not allowed under Section 17200.  *Id.* at 1145 (quoting case).  Disgorgement, however,

11   "may include a restitutionary element."  *Id.* at 1144.

12   Though plaintiff uses the term "disgorgement" in her complaint, she further explains that she

13   seeks "all money, property and benefits wrongfully obtained" from her by defendants.  Complaint ¶ 42.

14   Such damages are restitutionary in nature, and are therefore available.

15   The Court DENIES defendants' motion to dismiss plaintiff's third cause of action, with respect

16   to defendant OCWEN, and GRANTS defendants' motion to dismiss the third cause of action with

17   respect to defendant DB.

18

19   **IV.    Fourth cause of action:  RESPA**

20   Plaintiff brings her fourth cause of action under the Federal Real Estate Settlement Procedures

21   Act (RESPA), 12 U.S.C. § 2605.  Plaintiff alleges two types of RESPA violation.  First, plaintiff alleges

22   that she failed to receive proper notice of transfer of the loan and the loan servicing.  Under RESPA

23   Section 2605(b)(1), "[e]ach servicer of any federally related mortgage loan shall notify the borrower in

24   writing of any assignment, sale, or transfer of the servicing of the loan to any other person."  Such notice

25   must be given "to the borrower not less than 15 days before the effective date of transfer of the servicing

26   of the mortgage loan."  12 U.S.C. § 2605(b)(2)(A).

27   Under 2605(c)(1), the transferee also has notice obligations:  "Each transferee servicer to whom

28   the servicing of a federally related mortgage loan is assigned, sold, or transferred shall notify the

**United States District Court**
For the Northern District of California

1 borrower of any such assignment, sale, or transfer."  Such notice must be "made to the borrower not

2 more than 15 days after the effective date of transfer of the servicing of the mortgage loan."  12 U.S.C.

3 § 2605(c)(2)(A).

4    Plaintiff complains that the notice attached to her complaint as Exhibit A1 violates these sections

5 of RESPA.  The notice attached as Exhibit A1 is dated March 27, 2007, and is printed on New Century

6 Mortgage Corporation letterhead.  It states, in pertinent part:  "The servicing of your mortgage loan .

7 . . is being assigned, sold or transferred from your present servicer, New Century . . . , to a new servicer,

8 Ocwen . . . effective April 2, 2007."  As a transferor notice from New Century, the notice therefore

9 might violate RESPA, as it was given to plaintiff "less than 15 days before the effective date of

10 transfer."  12 U.S.C. § 2605(b)(2)(A).  The transferor, New Century, however, is not a defendant in this

11 lawsuit, and therefore the legality of the transferor notice is not at issue.

12    If plaintiff did not receive a notice of transfer from OCWEN, or if such notice was untimely

13 under Section 2605(c)(2), then she may have a RESPA claim against OCWEN.  Exhibit A1, however,

14 does not provide a valid basis for a RESPA invalid-notice claim against defendants in this case.  The

15 Court therefore must DISMISS this portion of plaintiff's RESPA claim, with leave to amend.

16    Plaintiff also alleges that she never received any notice that her loan was transferred to defendant

17 DB.  *See* Complaint ¶ 48.  RESPA section 2605, however, only deals with notice requirements for the

18 transfer of loan servicing.  Apparently, the mortgage itself was transferred to DB.  DB is not the

19 servicer.  In other words, OCWEN, the servicer, is the company that collects the mortgage payments

20 on DB's behalf.  Section 2605 therefore does not provide a valid cause of action against DB, and the

21 Court must DISMISS plaintiff's fourth cause of action as against DB.

22    The second type of RESPA violation alleged by plaintiff is that OCWEN improperly imposed

23 a late fee on plaintiff within sixty days of the loan servicing transfer.  *See* Complaint ¶ 47.  RESPA

24 Section 2605(d) provides, in pertinent part:  "During the 60-day period beginning on the effective date

25 of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the

26 borrower with respect to any payment on such loan . . . ."  Plaintiff here alleges, and the Court must

27 accept as true,  that OCWEN imposed a late fee on her on May 16, 2007, which is within 60 days of the

28 April 2 transfer date.  Plaintiff therefore adequately states a claim against OCWEN for violation of

6

1  RESPA Section 2605(d).

2

3  **V.    Motion to expunge lis pendens**

4          On May 8, 2007, plaintiff recorded a notice of lis pendens with the Alameda County recorder.

5  Defendants now briefly argue that the Court should order expungement of the lis pendens.  For the

6  following reasons, the Court DENIES defendants' motion to expunge.

7          Pursuant to California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a

8  real property claim may record a notice of pendency of action [lis pendens] in which that real property

9  claim is alleged."  The purpose of a lis pendens notice is to provide constructive notice of a pending

10  claim that may affect title or right to possession of the real property described in the lis pendens notice.

11  *See La Paglia v. Super. Ct.*, 264 Cal. Rptr. 63, 66 (Cal. Ct. App. 1989).

12          In order to guard against potential abuse of lis pendens notices, California lis pendens law

13  provides several safeguards.  First, the Code allows lis pendens notice only in actions in which a real

14  property claim is alleged.  The court must expunge the lis pendens notice "if the court finds that the

15  pleading on which the notice is based does not contain a real property claim."  § 405.31.  Section 405.5

16  defines "Real property claim" as "the cause or causes of action in a pleading which would, if

17  meritorious, affect (a) title to, or the right to possession of, specific real property or (b) the use of an

18  easement identified in the pleading, other than an easement obtained pursuant to statute by any regulated

19  public utility."

20          In addition to alleging real property claims, the claimant (party placing the notice of lis pendens)

21  has the burden of establishing the probable validity of those claims.  Section 405.32 states that "the court

22  shall order that the notice be expunged if the court finds that the claimant has not established by a

23  preponderance of the evidence the probable validity of the real property claim."

24          The Court DENIES defendants' motion to expunge the lis pendens notice. As discussed above,

25  plaintiff has stated several valid causes of action.  This case relates to the mortgage on her home, and

26  its outcome therefore may "affect title or right to possession of . . . real property."  The notice of lis

27  pendens is appropriate.

28          Defendants also request that the Court order plaintiff to "post an undertaking in the amount of

United States District Court
For the Northern District of California

1  her loan" in order to maintain the lis pendens.  Defendants provide no reason for doing so.  Accordingly,

2  the Court DENIES defendants' request.

3

4                                              **CONCLUSION**

5          For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART

6  defendants' motion to dismiss the complaint, with leave to amend.  [Docket No. 27]  Plaintiff must file

7  her amended complaint, should she wish to do so, by September 14, 2007.  The Court DENIES

8  defendants' motion to expunge the lis pendens, and DENIES plaintiff's motion for summary judgment.

9  [Docket No. 36]

10

11         **IT IS SO ORDERED.**

12

13  Dated:  August 21, 2007

                                                        _____
14                                                     SUSAN ILLSTON
                                                       United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

8