IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LESLIE BARNES MARKS,

    Plaintiff,

v.

OCWEN LOAN SERVICING, et al.,

    Defendants.
    /

No. C 07-02133 SI

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**

On February 1, 2008, the Court heard argument on defendants' motion to dismiss plaintiff's amended complaint. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion.

## BACKGROUND

This case is closely related to another action filed by plaintiff in this Court, *Marks v. Chicoine*, Case No. C 06-6806 SI. The cases center on allegations that plaintiff, Leslie Marks, was misled into placing an economically burdensome mortgage on her home. On April 2, 2007, defendants in the *Chicoine* action filed notices of bankruptcy filing by New Century Mortgage Corporation and Home 123 Corporation. Consequently, plaintiff's action against New Century and Home 123 is currently stayed.

On or near the day that New Century and Home 123 filed for bankruptcy, New Century transferred the servicing of plaintiff's mortgage to one of the defendants in this case, Ocwen Loan Servicing, LLC. Ownership of the mortgage itself was also apparently transferred, to DB Structured Products, Inc., which is also named as a defendant in this case. Subsequently, plaintiff filed this suit,

alleging four causes of action against Ocwen and DB. On August 21, 2007, in response to a motion filed by defendants, the Court dismissed most of plaintiff's causes of action and granted plaintiff leave to amend her complaint. Plaintiff filed her First Amended Complaint ("FAC") on October 15, 2007. The FAC alleges six causes of action against defendants: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) negligence and professional malpractice; (4) violation of the Truth In Lending Act ("TILA"); (5) violation of the Real Estate Settlement Procedures Act ("RESPA"); and (6) violation of the Business and Professions Code § 17200. Defendants Ocwen and DB now move to dismiss each cause of action alleged in the FAC. The Court will address each cause of action in the order presented in defendants' motion to dismiss.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

2

**DISCUSSION**

**I.     Violation of the Truth In Lending Act**

Defendants move to dismiss plaintiff's fourth cause of action, brought under TILA. Previously, the Court dismissed this cause of action because plaintiff failed to allege which provision of TILA defendants violated or how defendants violated TILA. Defendants now argue that plaintiff's TILA cause of action fails to state a claim upon which relief can be granted because defendant Ocwen, as a loan servicer, cannot be liable under TILA and because defendant DB, as an assignee of the original loan, can only be liable if the alleged violation of TILA is apparent on the face of the loan disclosure statement. In response, plaintiff ignores defendants' argument as to DB and contends, for the first time, that Ocwen was once an owner of the loan, such that the TILA exemption for loan servicers does not apply.

Although TILA provides that assignees of a loan may be liable for TILA violations, loan servicers are not liable under TILA as assignees unless the loan servicer owned the loan obligation at some point: "A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f). Plaintiff alleges in the FAC that Ocwen is the servicer of her mortgage loan, FAC at ¶ 21, and the exhibits attached to plaintiff's complaint confirm this, *see* FAC exs. A & B. Therefore, the only way Ocwen could be liable for a violation of TILA would be if Ocwen were or had been an owner of the loan. Plaintiff argues in her opposition to the motion to dismiss that "OCWEN was an owner of the loan and was an assignee of the loan upon the transfer from New Century to OCWEN, before the transfer to DB." Plaintiff's Opposition at 16. Plaintiff cites no support for this alleged fact, however, and the loan documents submitted by the parties do not indicate that Ocwen was anything more than a loan servicer. More importantly, neither of plaintiff's complaints have alleged that Ocwen was ever an owner of the loan. The Court therefore DISMISSES plaintiff's fourth cause of action against Ocwen. Because plaintiff now seeks to change fundamental facts alleged in her prior complaints, without any support or showing of newly-discovered evidence, this claim is dismissed without leave to amend.

As the owner of plaintiff's loan, DB may be liable under TILA. Pursuant to 15 U.S.C. § 1641,

3

a debtor may bring a cause of action under TILA against an assignee of a loan even though the assignee was not the original creditor. TILA provides that "[a]ny person who purchases or is otherwise assigned a mortgage . . . shall be subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage . . . ." 15 U.S.C. § 1641(d)(1). A debtor's right to pursue a TILA claim against an assignee is limited, however, by a "prerequisite[]," which states that

> [e]xcept as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter . . . which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary.

15 U.S.C. § 1641(a). Although the Ninth Circuit does not appear to have addressed this provision, it has been interpreted by other courts as meaning that a TILA claim may be asserted against an assignee only for "violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents." *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir. 1998). In *Taylor*, it was argued that knowledge possessed by a reasonable assignee about a potential TILA violation should make the assignee liable even if the violation is not apparent on the face of the documents. The Seventh Circuit squarely rejected this excursion around the plain language of the statute and held that § 1641(a) "does not impose a duty of additional inquiry on assignees." *Id.*

Here, plaintiff argues that DB is liable as an assignee, but makes no attempt to explain how the TILA violation committed by the loan originators is apparent on the face of the assigned documents. Plaintiff's FAC appears to allege that the TILA violation occurred when the New Century and Home 123 told plaintiff they would refinance her mortgage loan at a lower interest rate, with a 30-year mortgage, and with a certain amount of equity remaining in her home, but in fact sold her a mortgage that had a higher interest rate, a higher monthly payment, and a longer term, and also left her with far less equity in her home. *See* FAC at ¶¶ 13-16. Defendants argue that even if these allegations are true, they do not permit plaintiff to bring a claim against DB because the violations are not apparent on the face of the assigned documents. The Court agrees. Plaintiff has made no allegation, in her complaint or otherwise, that the TILA violations allegedly committed by the loan originators could have been discovered on the face of the loan documents by assignee DB. While the FAC alleges that DB knew

4

or should have known that the loan was in dispute and the subject of litigation, FAC at ¶ 24, there is no exception in § 1641(a) for such knowledge by an assignee. *See Taylor*, 150 F.3d at 694; *Balderos v. City of Chevrolet*, 214 F.3d 849 (7th Cir. 2000) (noting that "the cases are very strict in their interpretation of" § 1641(a) and that something that is "'apparent' only by virtue of special knowledge, whether about the practices of other firms . . . or its own practices . . . is not apparent on the face of the contract itself"). Accordingly, plaintiff's fourth cause of action against DB is DISMISSED, with leave to amend if plaintiff wishes to do so. If plaintiff chooses to amend her complaint, plaintiff should also consider the argument raised by defendants for the first time in their reply brief that plaintiff's TILA claims against Ocwen and DB are barred by the one-year statute of limitation. The Court recommends that plaintiff explain in her amended complaint when the TILA violation occurred and whether this cause of action was timely filed. In addition, to the extent plaintiff is arguing that DB itself somehow violated TILA long after the loan closed, plaintiff should specify which provision of TILA was violated and how an assignee could be independently liable under TILA for its own actions, rather than for the actions of the loan originators.

## II.    Violation of the Real Estate Settlement Procedures Act

Defendants move to dismiss plaintiff's fifth cause of action for a violation of RESPA, 12 U.S.C. § 2605. Plaintiff alleges two types of RESPA violation. First, plaintiff alleges that she failed to receive proper notice of transfer of the loan and the loan servicing. Under 12 U.S.C. § 2605(b)(1), "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." Such notice must be given "to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan." 12 U.S.C. § 2605(b)(2)(A).

Under § 2605(c)(1), the transferee also has notice obligations: "Each transferee servicer to whom the servicing of a federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer." Such notice must be "made to the borrower not more than 15 days after the effective date of transfer of the servicing of the mortgage loan." 12 U.S.C. § 2605(c)(2)(A).

5

Plaintiff's FAC alleges that defendants violated § 2605(b) by not notifying plaintiff of the transfer to Ocwen more than 15 days prior to the transfer. Plaintiff points to Exhibit A of her complaint, which is a letter dated March 27, 2007, printed on New Century Mortgage Corporation letterhead. It states, in pertinent part: "The servicing of your mortgage loan . . . is being assigned, sold or transferred from your present servicer, New Century . . . , to a new servicer, Ocwen . . . effective April 2, 2007." FAC at ex. A. As a transferor notice from New Century, the notice therefore might violate RESPA, as it was given to plaintiff "less than 15 days before the effective date of transfer." 12 U.S.C. § 2605(b)(2)(A). The transferor, New Century, however, is not a defendant in this lawsuit, and therefore the legality of the transferor notice is not at issue here. The Court previously dismissed this cause of action as it relates to § 2605(b) for this very reason. Plaintiff now contends that defendants are liable under § 2605(b) because New Century's notice "was sent directly to Plaintiff from Defendants Ocwen and DB," FAC at ¶ 25, and that the notice was sent in an Ocwen envelope, FAC at ex. A. Even assuming Ocwen, not New Century, sent the § 2605(b) notice, Ocwen could not be liable for failing to comply with a statute that applies only to New Century, the transferor of the servicing of plaintiff's loan. Accordingly, the Court DISMISSES without leave to amend plaintiff's fifth cause of action insofar as it states any transferor violations of 12 U.S.C. § 2605(b). The Court does not see how the pleading could be cured by further amendment.

Plaintiff's FAC also alleges that defendants violated § 2605(c), the provision of RESPA that applies to transferees. As an initial matter, the Court already dismissed this cause of action against defendant DB because § 2605(c) deals only with notice requirements for the transfer of loan servicing. DB is a transferee only because it owns the mortgage itself, and is not the servicer of the loan. Plaintiff has never alleged that DB has serviced her loan. Section 2605 therefore does not provide a valid cause of action against DB, and the Court must DISMISS plaintiff's fifth cause of action against defendant DB. The cause of action is dismissed without leave to amend.

As to defendant Ocwen, plaintiff alleges that Ocwen never provided proper notice of the transfer of loan servicing after the transfer occurred, in violation of § 2605(c). FAC at ¶ 68. Defendants argue that Ocwen did provide notice of the transfer in a letter to plaintiff dated April 11, 2007, less than 15 days after the April 2, 2007 transfer. Plaintiff does not respond to this argument and does not deny that

she received the April 11 notification letter. Instead, plaintiff argues that she "sufficiently alleges that the notice of transfer to DB [sic] was invalid and that all notices were defective and moot," Plaintiff's Opposition at 17, but provides no explanation about this claim in either her brief or in the FAC. Despite having had multiple opportunities to explain how Ocwen could have violated § 2605(c) in light of the April 11 notice, plaintiff has not done so, but the Court will permit plaintiff one last opportunity to respond to defendants' assertion that it notified plaintiff within 15 days of the transfer. In addition, the Court is not able to grant judicial notice of the letter at this time because the letter was not e-filed, either recently or in June 2007, and is not found in the Court's paper file. The Court therefore DISMISSES with leave to amend plaintiff's fifth cause of action as to Ocwen's transferee notice.

The second type of RESPA violation alleged by plaintiff is that OCWEN improperly imposed a late fee on plaintiff within sixty days of the loan servicing transfer. *See* FAC at ¶ 69. RESPA Section 2605(d) provides, in pertinent part: "During the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower with respect to any payment on such loan . . . ." The Court previously held that plaintiff had adequately stated a claim against Ocwen for violation of § 2605(d), and defendants do not argue otherwise in this motion to dismiss. This part of plaintiff's fifth cause of action remains in plaintiff's complaint.

### III.   Intentional and negligent misrepresentation

Defendants move to dismiss plaintiff's first and second causes of action for intentional and negligent misrepresentation, respectively. In its prior order, the Court dismissed these causes of action because plaintiff's complaint failed to allege any misrepresentation or false statement made by defendants in this case. In her FAC, plaintiff now alleges, with sufficient particularity, that defendants made false statements to plaintiff that they "were properly and legally the new servicers" of the loan, FAC at ¶ 38, and that defendants are also liable for the false statements allegedly made by New Century regarding "the period of the mortgages, the interest rates and other terms of the mortgages," *id*. It is not entirely clear to the Court how an alleged violation of RESPA could be a misrepresentation. It is also not clear to the Court how defendants could be liable for false statements made by the loan originators

a year before the assignment, because plaintiff has failed to provide any support for her assertion that "DB and OCWEN are liable as successors in interest to New Century and Home 123." Plaintiff's Opposition at 10. That said, the Court does not reach the merits of plaintiff's misrepresentation claims for purposes of this motion, and the Court must allow plaintiff to develop her case at this stage of the proceedings. Plaintiff may be able to show, for instance, that defendants were so closely connected to New Century and Home 123 that they should be liable for the false statements of the loan originators. *See Hernandez v. Hilltop Fin. Mortgage, Inc.*, 2007 WL 3101250 *7 (N.D. Cal. Oct. 22, 2007); *LaChapelle v. Toyota Motor Credit Corp.*, 102 Cal. App. 4th 977, 980 (Cal. Ct. App. 2002). Accordingly, defendants' motion to dismiss as to plaintiff's misrepresentation claims is DENIED.

## IV. Negligence and professional malpractice

Defendants move to dismiss plaintiff's third cause of action for negligence/professional malpractice. Defendants argue that, as a legal matter, they do not owe a duty to plaintiff, a necessary element of her negligence claim. Plaintiff's FAC alleges, in general terms, that defendants owed fiduciary duties to plaintiff, FAC at ¶ 57, but defendants argue persuasively that the general rule in California is that "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1991). Exceptions to this general rule exist, *see id.* at 1098, but plaintiff has chosen to disregard entirely the cases cited by defendants in their motion and, as a result, appears to concede that none of the exceptions apply here. Moreover, the Court agrees with defendants that, based on plaintiff's complaint, they owed no duty of care to plaintiff because plaintiff has not alleged that defendants' role as assignees exceeded the scope of conventional lenders of money. *See id.* at 1096; *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (Cal. Ct. App. 1980) ("Liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender.") (internal quotation marks omitted). As a legal matter, then, plaintiff has failed to state a negligence claim against defendants, and the Court DISMISSES plaintiff's third cause of action with leave to amend, should plaintiff wish to do so.

## V. Violation of Business and Professions Code § 17200

Finally, defendants move to dismiss plaintiff's sixth cause of action for violation of California Business and Professions Code Section 17200, et seq. Unfair competition is defined as "any unlawful, unfair, or fraudulent business act or practice . . ." Cal. Bus. & Prof. Code § 17200. "'Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent.'" *Schvatrz v. Budget Group, Inc.*, 81 Cal. App. 4th 1153, 1159 (2000) (quoting *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996)). As discussed above and in the Court's prior order, plaintiff adequately states a claim for violation of RESPA against Ocwen and claims of intentional and negligent misrepresentation against Ocwen and DB. As such, she adequately states a claim under the "unlawful" and "fraudulent" prongs of § 17200.[1]

Defendants also argue that plaintiff's § 17200 claim is barred because it improperly seeks money damages rather than restitution or injunctive relief. Defendants are correct that a claim under § 17200 is limited to equitable relief in the form of restitution or an injunction. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1152 (2003). An order for restitution is an order compelling a defendant "to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person. The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Id.* at 1149 (internal quotation marks and citations omitted). Plaintiff's FAC states that as a result of defendants' violation of § 17200, plaintiff "sustained damages, including monetary loss, medical expenses, emotional distress," and other losses. FAC at ¶ 76. The Court therefore agrees with defendants that plaintiff improperly seeks damages under § 17200, and GRANTS defendants' motion to dismiss plaintiff's sixth cause of action. Plaintiff may amend this claim to seek remedies available under § 17200.

---

[1] It is also possible that plaintiff may state a claim under the "unfair" prong of § 17200, but the Court need not reach this question at this stage of the proceedings.

9

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion to dismiss the complaint, with leave to amend as to certain causes of action [Docket No. 59]. Plaintiff must file her amended complaint, should she wish to do so, by February 29, 2008.

**IT IS SO ORDERED.**

Dated: February 6, 2008

SUSAN ILLSTON
United States District Judge