ERIC D. HOUSER, #130079
JEFFREY S. ALLISON, #173620
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, CA 92618
(949) 679-1111

Attorneys for Defendants OCWEN LOAN SERVICING LLC, successor to OCWEN FEDERAL BANK FSB, and DB STRUCTURED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| LESLIE BARNES MARKS, In Pro Per,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC., DB STRUCTURED PRODUCTS, INC. and DOES 1-100,<br><br>Defendants. | Case No. C-07-02133-SI<br><br>HON. SUSAN ILLSTON<br>Ctrm. 10<br><br>**OPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION, ETC.**<br><br>Complaint Filed: December 30, 2005 |

Defendants OCWEN LOAN SERVICING, LLC and DB STRUCTURED PRODUCTS, INC. (collectively referred to as "Ocwen" unless otherwise noted), oppose Plaintiff's Ex Parte Application for Leave to File a Motion for Reconsideration filed on March 13, 2008.

## I. INTRODUCTION

On February 6, 2008, the Court entered its Order granting in part Ocwen's Motion to Dismiss Plaintiff's First Amended Complaint which had been filed on November 15, 2007. This

was the second time the Court granted the dismissal of claims alleged by Plaintiff. In the interim and at Plaintiff's requested stipulation, her opposition date was continued to January 7, 2008 and the hearing date was continued to February 1, 2008. (See Order on Stipulation to Continue Motion entered on November 29, 2007). Thus, Plaintiff had 2 ½ months to oppose Ocwen's Motion.

Following the Court's Order and at Plaintiff's request, Ocwen stipulated to extend Plaintiff's date to file a Second Amended Complaint to March 14, 2008. (See Order on Stipulation to Extend Time for Filing of Second Amended Complaint entered on March 3, 2008). Thus, Plaintiff had nearly four weeks after the Court's Order to file her third complaint in this action. Instead of doing so, Plaintiff waited until the evening before her second amended complaint was due and filed the instant Ex Parte Application on March 13, 2008 without prior ex parte notice to Ocwen. (See Declaration of Jeffrey Allison hereto, ¶ 2). Plaintiff's Ex Parte Application seems contrary to her stipulated intention to file a second amended complaint by March 14, 2008.

Plaintiff's Ex Parte Application for Reconsideration should be denied for a variety of reasons. First, Ocwen received no ex parte notice and Plaintiff offers no declaration regarding any such notice. See Local Rule 7-10. Ocwen was forced to prepare the instant Opposition within one day upon receipt of Plaintiff's Application on the evening of March 13th. (Allison Decl. ¶ 2, 6).

Second, Plaintiff reargues issues previously argued and fully considered by this Court in ruling upon Ocwen's Motion. Plaintiff's restatement of her feigned confusion or ignorance as to the role of DB and Ocwen should not give her yet another bite at the apple. Plaintiff cites no authority or sufficient basis mandating reconsideration of the Court's Order entered on February 6, 2008.

Third, Plaintiff appears to mislead the Court concerning the matter of initial disclosures somehow serving as a basis to reconsider the Court's Order. Contrary to the implication by Plaintiff, Ocwen served its Initial Disclosures over three months ago on December 3, 2007 pursuant to Federal Rule of Civil Procedure 26(a)(1), the Joint Case Management Statement filed on July 9, 2007, and the Court's instruction at the Case Management Conference on November 2, 2007. Incidentally, Ocwen has not to date received any initial disclosures from Plaintiff despite a follow up written request. (Allison Decl. ¶ 4, Exhs. 1, 2).

Plaintiff has now twice failed to allege claims upon which relief could be granted that are now the subject of her Ex Parte Application, and consequently the Court properly dismissed them by its well reasoned Order. Plaintiff has failed to timely file a second amended complaint as stipulated one month after this Court ruled. Plaintiff has failed to appear at no less than four scheduled and continued ADR conferences and has failed to provide her initial disclosures. (Allison Decl. ¶¶ 3, 4). Whereas, Plaintiff has requested and Ocwen has signed numerous stipulations to continue dates in this case. It is improper for Plaintiff to now request leave to file a motion for reconsideration to further delay this case.

It seems that perhaps Plaintiff is attempting to delay the case to resurrect or concoct claims and/or to continue living in the secured property without having to pay her mortgage, property tax, and insurance obligations. Plaintiff's Application should be denied.

## II. PLAINTIFF'S REQUEST FOR RECONSIDERATION IS IMPROPER BASED ON HER REARGUMENT OF FEIGNED IGNORANCE AS TO OCWEN AND DB

"(R)eargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3rd Cir. 1995); see also, Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).

Motions for reconsideration are disfavored by the Courts unless in the rare instance some manifest mistake is clearly established. Plaintiff's Application is based upon Local Rule 7-9(b)(3): "A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Plaintiff suggests without specifics that the Court manifestly failed to consider Plaintiff's argument that she is "confused" as to whether Defendant DB is the holder of the loan and Defendant Ocwen Loan Servicing, LLC is the servicer of the loan. Plaintiff does not cite to the record or provide specific examples, evidence, or cognizable authority to clearly establish her argument that this Court failed to consider the issue. Rather, Plaintiff summarily reargues that the Court "did not consider" and there is nothing to support the Court's conclusion that DB is the holder and Ocwen the servicer.

Local Rule 7-9(c) provides:

> **(c) Prohibition Against Repetition of Argument.** No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

Indeed, Plaintiff's argument was previously raised in her Opposition to Ocwen's Motion to Dismiss and considered by this Court. At page 6 of her Opposition filed on January 8, 2008, Plaintiff states:

> ...OCWEN further gave...notice to Plaintiff in which OCWEN claimed to be the servicer of the OCWEN LOAN, while DB is the mortgage company of the OCWEN LOAN.

Based thereon, Plaintiff argues at page 15 of her Opposition:

> Further, it is confusing as to the status of OCWEN and DB with respect to whether they are loan servicers or assignees.....Defendants try to claim that OCWEN is a loan servicer...and claims that DB is an assignee...However, the code is clear that loan servicers are only excepted if they are not an owner or were never an owner previously. *See 15 U.S.C. §1641(f)(1).* OCWEN was an owner of the loan and was an assignee of the loan upon the transfer from New Century to OCWEN, before the transfer to DB.

Plaintiff goes on further to inaccurately and unpersuasively argue this point.

Regardless, Plaintiff's own allegations and arguments establish that DB is the holder and Ocwen the servicer. At page 2 of her Opposition to Ocwen's Motion, Plaintiff states:

> On or near the day that New Century and Home 123 filed for bankruptcy, New Century transferred the servicing of Plaintiff's mortgage to Defendant in this case, OCWEN LOAN SERVICING, LLC. The mortgage itself was also allegedly transferred to DB STRUCTURED PRODUCTS, INC., which is also named as a Defendant in this case.

At page 5 of her Opposition, Plaintiff again states:

> Plaintiff is informed and therefore alleges that Defendant DB is the mortgage holder of the OCWEN LOAN. Plaintiff is informed and alleges that Defendant OCWEN is the loan servicer of the OCWEN LOAN.

In its Reply filed on January 17, 2008, Ocwen stated at page 7:

> Marks tries to get around this rule by arguing some confusion as to whether Ocwen is really a loan servicer…In any event, Marks argument contradicts her own allegations that Ocwen Loan Servicing, LLC is the subsequently assigned loan servicer. (FAC ¶ 13-16, 19, 21, Exh. B; and Exh. 2 to Ocwen's RJN filed 6/21/07 – recorded Deed of Trust). Marks argument also ignores here admissions elsewhere in her Opposition that Ocwen is the loan servicer…The fact that Ocwen is the loan servicer is further confirmed by the Exhibit B to the FAC which indicates on its face that "Ocwen is the servicer of the above-referenced loan…for ("Creditor") DB STRUCTURED PRODUCTS, INC." The allegations and Exhibits to the FAC, as well as Marks' own arguments, make it clear that Ocwen was at no time an "owner" of the loan. As a subsequent loan servicer, Ocwen is not liable under TILA as a matter of law.

The Court fully considered the issue and ruled in pertinent part by its Order entered on February 6, 2008:

> **BACKGROUND**…On or near the day that New Century and Home 123 filed for bankruptcy, New Century transferred the servicing of plaintiff's mortgage to one of the defendants in this case, Ocwen Loan Servicing, LLC. Ownership of the mortgage itself was also apparently transferred, to DB Structured Products, Inc., which is also a named defendant in this case…**DISCUSSION**...In response, plaintiff ignores defendants' argument as to DB and contends, for the first time, that Ocwen was once an owner of the loan, such that the TILA exemption for loan servicers does not apply….Plaintiff alleges in the FAC that Ocwen is the servicer of her mortgage loan, FAC at ¶ 21, and the exhibits attached to plaintiff's complaint confirm this, *see* FAC exs. A & B. Therefore, the only way Ocwen could be liable for a violation of TILA would be if Ocwen were or had been an owner of the loan. Plaintiff argues in her opposition to the motion to dismiss that "OCWEN was an owner of the loan and was an assignee of the loan upon transfer from New Century to OCWEN, before the transfer to DB." Plaintiff's Opposition at 16.

> Plaintiff cites no support for this alleged fact, however, and the loan documents submitted by the parties do not indicate that Ocwen was anything more than a loan servicer. More importantly, neither of plaintiff's complaints have alleged that Ocwen was ever an owner of the loan. The Court therefore dismisses plaintiff's fourth cause of action against Ocwen. Because plaintiff now seeks to change fundamental facts alleged in her prior complaints, without any support or showing of newly-discovered evidence, this claim is dismissed without leave to amend.

(See 2/6/08 Order, pp. 1-3).

Ocwen's Exhibits attached to its Requests for Judicial Notice ("RJN") confirm these facts. **Exhibit 1** to Ocwen's RJN filed on June 21, 2007 with its first motion to dismiss is Ocwen's "**Notice of Assignment, Sale, or Transfer of Servicing Rights**" to Plaintiff. The Notice states, "**This is also your notice that the servicing of your mortgage loan, that is, the right to collect payments from you, has been assigned to Ocwen**." (Allison Decl. ¶ 5, Exh. 3). This document was sent to Plaintiff in April 2007 and again served upon Plaintiff over nine months ago with Ocwen's motion.

In sum, Plaintiff had every opportunity for over 2 ½ months and did indeed make her argument to the Court. The Court fully considered the issue and cited to specific reasons in its Order why Plaintiff's argument was misplaced. Plaintiff now raises the same argument again by her Ex Parte Application. Nothing has changed. There is no basis for reconsideration and Plaintiff's Ex Parte Application should be denied. Further, Ocwen respectfully requests sanctions be awarded against Plaintiff for Ocwen's reasonable attorneys' fees and costs incurred in having to prepare this opposition pursuant to Local Rule 7-9(c).

## III. PLAINTIFF'S STATEMENT REGARDING INITIAL DISCLOSURES IS DISENGENUINE

Plaintiff suggests for the first time that she is now somehow entitled to discovery before filing her second amended complaint as ordered, and that this is a basis for reconsideration of the

Court's Order dismissing her First Amended Complaint. Plaintiff did not make this argument in response to Ocwen's Motion and cites no supporting authority.

What is more disturbing is that Plaintiff claims that Ocwen failed to provide its initial disclosures. On the contrary, Ocwen served its initial disclosures along with 275 stamped pages of documents to Plaintiff's counsel's address of record over three months ago on December 3, 2007 pursuant to Federal Rule of Civil Procedure 26(a)(1) and this Court's Order at the Case Management Conference on November 2, 2007. The initial disclosure package was not returned as undelivered and Ocwen had no reason to doubt delivery of its initial disclosures to counsel's address of record. (Allison Decl. ¶ 4, Exh. 1). Ocwen requested in writing on January 4, 2008 that Plaintiff provide her initial disclosures. (Allison Decl. ¶ 4, Exhs. 2). To date, Ocwen has not received any initial disclosures from Plaintiff. (Allison Decl. ¶ 4).

## IV. CONCLUSION

For the reasons set forth above, Ocwen respectfully requests the Court to deny Plaintiff's Ex Parte Application for Leave to File a Motion for Reconsideration. In addition, Ocwen respectfully requests sanctions against Plaintiff in the amount of $880.00 for Ocwen's reasonable attorneys' fees and costs in responding to the instant Application pursuant to Local Rule 7-9(c) or otherwise in the discretion of the Court. Should the Court be inclined to grant Plaintiff a further extension of time to file a second amended complaint, Ocwen maintains its request for 30 days to respond as was previously ordered.

DATED: March 14, 2008

HOUSER & ALLISON
A Professional Corporation

By: ______________________
ERIC D. HOUSER
JEFFREY S. ALLISON
Attorneys for Defendants
OCWEN LOAN SERVICING, LLC and DB STRUCTURED PRODUCTS, INC.

**DECLARATION OF JEFFREY S. ALLISON**

I, Jeffrey S. Allison declare as follows:

1. I am an attorney at law duly licensed to practice in California and before the above entitled Court. I am an attorney with the law firm of Houser & Allison, A Professional Corporation, counsel of record for Defendants OCWEN LOAN SERVICING, LLC and DB STRUCTURED PRODUCTS, INC. in this action (collectively referred to as "Ocwen"). I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify as to those facts.

2. I did not receive prior ex parte notice from Plaintiff upon the filing of the instant Ex Parte Application for Leave to File a Motion for Reconsideration on March 13, 2008.

3. Plaintiff and/or her counsel have on numerous occasions requested stipulations from me for extensions of time on various deadlines. On each occasion, I have cooperated in good faith and as a matter of professional courtesy. I have signed numerous stipulations to extend dates which Plaintiff has submitted to this Court. As to another matter in this case, this Court's ADR Office has conducted approximately six scheduled and continued ADR Conferences in this matter on the following dates: July 10, September 12, September 21, November 15, 2007, January 17, and March 10, 2008. Neither Plaintiff nor her counsel of record appeared telephonically at the scheduled time for at least four of those joint conferences. Mr. Herman informed me each time that he was unable to reach Plaintiff or her counsel. I do not recall whether Plaintiff appeared at the other two conferences on November 15, 2007 or on January 17, 2008.

4. On December 3, 2007, my office served by mail to Plaintiff's counsel's address of record Ocwen's Initial Disclosures along with 275 stamped pages of documents. Attached hereto as **Exhibit "1"** is a true and correct copy of the Initial Disclosures and proof of service,

the documents have been omitted as they are voluminous. I did not receive any returned mail for the package or any other indication that counsel may not have received them until recently in connection with Plaintiff's Ex Parte Application. I do recall several months ago counsel advised that she is often not in her office. I did not receive any initial disclosures from Plaintiff. Attached hereto as **Exhibit "2"** is a true and correct copy of my letter to Plaintiff's counsel at her same address of record with a follow up request for Plaintiff's Initial Disclosures. Counsel recently acknowledged her receipt of the letter. To date, I have received no initial disclosures from Plaintiff.

5. Attached hereto as **Exhibit "3"** is a true and correct copy of Ocwen's Request for Judicial Notice and Exhibit 1 thereto which was filed on June 21, 2007 in support of Ocwen's Motion to Dismiss Plaintiff's Complaint.

6. Ocwen has incurred attorneys' fees well in excess of $880.00 for the research and preparation of this Opposition and Declaration, exclusive of any hearing that may be required by the Court. My hourly rate is $220 which I believe is reasonable and comparable to or less than that charged by other attorneys in the geographical region representing similar clients in similar type of work. This Opposition took some amount of research, investigation, and drafting on an expedited basis upon receipt of the Ex Parte Application the night before. I had to put aside other pressing matters.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed this 14th day of March , 2008 at Irvine, California.

Jeffrey S. Allison

ERIC D. HOUSER, #130079
JEFFREY S. ALLISON, #173620
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, CA 92618
(949) 679-1111

Attorneys for Defendants OCWEN LOAN SERVICING LLC, successor to OCWEN FEDERAL BANK FSB, and DB STRUCTURED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA–SAN FRANCISCO

| | |
|---|---|
| LESLIE BARNES MARKS, In Pro Per,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC., DB STRUCTURED PRODUCTS, INC. and DOES 1-100,<br><br>Defendants. | Case No. C-07-02133-SI<br><br>HON. SUSAN ILLSTON<br>Ctrm. 10<br><br>**INITIAL DISCLOSURES BY DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26** |

Defendants DB STRUCTURED PRODUCTS, INC., and its servicer and attorney-in-fact OCWEN LOAN SERVICING, LLC, successor to OCWEN FEDERAL BANK, FSB

(collectively "Ocwen"), hereby make the following disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

## I. WITNESSES

The identity of witnesses and/or each individual likely to have discoverable information that Ocwen may use to support its defenses, unless solely for impeachment, and their last known addresses, are as follows:

Leslie Barnes Marks, Plaintiff. Information concerning Plaintiff's claims and Ocwen's defenses. Can be reached through Plaintiffs' counsel.

Person(s) most knowledgeable for Ocwen, including Loan Analyst(s), Loan Resolution Consultant(s), and Office of the Omnibudsman. Persons to be determined as discovery continues. Ocwen Loan Servicing LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL, 33409, 561-682-8371. Information concerning the Plaintiff's claims and Ocwen's defenses.

Person(s) most knowledgeable on behalf of Defendant Home 123 or affiliated entity or person concerning Plaintiff's claims and allegations in this action regarding the subject loan. Can be reached through counsel of record.

Person(s) most knowledgeable on behalf of Defendant New Century or affiliated entity or person concerning Plaintiff's claims and allegations in this action regarding the subject loan. Can be reached through counsel of record.

Person(s) most knowledgeable on behalf of any other party to this action concerning Plaintiff's claims and allegations in this action regarding the subject loan. Identities and their counsel to be determined as discovery continues.

Third person(s) with knowledge concerning Plaintiff's claims and allegations in this action. Identities to be determined as discovery continues.

Ocwen reserves its right to modify, amend, or supplement the above, and reserves its right to further designate and/or call any parties of witnesses designated or called by other parties to this action.

## II. DOCUMENTS

Attached hereto are copies of documents number stamped 1 - 275, exclusive of documents that may have already been produced or exhibited in connection with this action and/or privileged documents, that Ocwen may use to support its defenses, unless solely for impeachment. Ocwen reserves the right to modify, amend, or supplement this disclosure and exhibit and/or produce additional documents as discovery continues and additional documents may be ascertained or produced by the parties.

## III. DAMAGES

Ocwen presently does not seek damages against Plaintiff or other parties, but reserves its right to do so.

## IV. INSURANCE

Ocwen is not believed to have insurance agreements applicable to this action as described by the Rule.

DATED: December 3, 2007

HOUSER & ALLISON
A Professional Corporation

By: [signature]
ERIC D. HOUSER
JEFFREY S. ALLISON
Attorneys for Defendants
OCWEN LOAN SERVICING, LLC and DB STRUCTURED PRODUCTS, INC.



I: CIVIL OCWEN Marks, Leslie (40187)\Discov\InitDisclosures.doc

EXHIBIT 1
PAGE 3 OF 4

PROOF OF SERVICE

STATE OF CALIFORNIA )

) SS

COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On December 3, 2007, I served the following document(s) described as follows:

On the following interested parties in this action:

Linnea N. Willis
LAW OFFICE SOF LINNEA N. WILLIS
7677 Oakport Street, Suite 1050
Oakland, CA 94621
(510) 383-9795
(510) 288-1339 Fax
Linnea_willis@hotmail.com

*Counsel for Plaintiff*

[XX] VIA MAIL -- CCP §§ 1013(a); 2015.5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on December 3, 2007 at Irvine, California.

Sherie L. Cleere'



EXHIBIT 1
PAGE 4 OF 4

# HOUSER & ALLISON

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

ERIC D. HOUSER, *CA*
JEFFREY S. ALLISON, *CA/NV*
JOHN M. WHITE, *CA*
ROBERT W. NORMAN, *CA/WA/AZ*
THOMAS S. VAN, *CA*
JENNIFER L. LALLITE, CA/NY
PATRICK L. BLAIR, *CA/HI*
ANGELA N. MARTIN, *CA*
BRYAN T. BROWN, *TX*
ALLISON M. WAITE, *CA*

OF COUNSEL
JULIE A. SIMER, *CA/AZ*

**ORANGE COUNTY**
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112

**LOS ANGELES COUNTY**
3760 Kilroy Airport Way, Suite 260
Long Beach, California 90806
Telephone: (562)256-1675
Facsimile: (949) 679-1112


January 4, 2008

**VIA REGULAR MAIL**

Linea N. Willis
LAW OFFICES OF LINNEA N. WILLIS
7677 Oakport Street, Suite 1050
Oakland, CA 94621

Re: Marks v. Ocwen Loan Servicing, et. al., U.S.D.C. N.D.Cal. C 07 2133 SI
Loan No.: 80590441
Our File No.: 40187

Dear Ms. Willis:

The Court ordered the parties to exchange their Rule 26 initial disclosures on or before December 3, 2007. My clients served their initial disclosures and documents one month ago on December 3, 2007 pursuant to the Court's order. To date, we have not received any disclosures or documents from Ms. Marks, nor heard from you regarding the matter. Accordingly, your client is in violation of the Court's order. We request that your client immediately serve full Rule 26 disclosures and all documents without objection. We reserve the right to pursue any and all remedies including sanctions.

Thank you.

Sincerely,

HOUSER & ALLISON
A Professional Corporation

Jeffrey S. Allison

JSA:slc

I:\CIVIL\OCWEN\Marks, Leslie (40187)\Corr\LW003.doc

ERIC D. HOUSER, #130079
JEFFREY S. ALLISON, #173620
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, CA 92618
(949) 679-1111

Attorneys for Defendants OCWEN LOAN SERVICING LLC, successor to OCWEN FEDERAL BANK FSB, and DB STRUCTURED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| LESLIE BARNES MARKS, In Pro Per,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC., DB STRUCTURED PRODUCTS, INC. and DOES 1-100,<br><br>Defendants. | Case No. C-07-02133-SI<br><br>HON. SUSAN ILLSTON<br>Ctrm. 10<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO EXPUNGE LIS PENDENS**<br><br>DATE: August 3, 2007<br>TIME: 9:00 a.m.<br>CTRM: 10<br><br>Complaint Filed: December 30, 2005 |

**TO THE COURT AND TO THE PLAINTIFF:**

Pursuant to Federal Rule of Evidence 201, Defendants OCWEN LOAN SERVICING, LLC, successor to OCWEN FEDERAL BANK FSB, and DB STRUCTURED PRODUCTS,

INC. (collectively "Ocwen"), respectfully request the Court to take judicial notice of the following document which is referenced and/or are central to Plaintiff's Complaint herein. See, Terry v O'Donnell 797 F.2d 1346-1351 (9th Cir. 1984).

1. Attached hereto as **Exhibit "1"** is a copy of Ocwen's Notice of Assignment, Sale or Transfer of Servicing Rights to Plaintiff dated April 11, 2007.

2. Attached hereto as **Exhibit "2"** is a copy of the Deed of Trust that is the subject of Plaintiff's Complaint recorded in the Official Records of Alameda County on March 30, 2006 as Instrument No. 2006122537.

DATED: June 21, 2007

HOUSER & ALLISON
A Professional Corporation

By: ______________________
ERIC D. HOUSER
JEFFREY S. ALLISON
Attorneys for Defendants
OCWEN LOAN SERVICING, LLC and DB STRUCTURED PRODUCTS, INC.



EXHIBIT 3
PAGE 2 OF 7

OCWEN Loan Servicing
P.O. Box 785055
Orlando, FL 32878-5055
OCWEN

WEBSITE: WWW.OCWEN.COM

April 11, 2007

Leslie Marks
3099 Suter Street,
Oakland CA 94602.

Loan Number : 80590441
Property Address : 3099 Suter Street, Oakland CA 94602.
Prior Loan Number : 1006788513

Dear Customer(s):

**NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS**

Ocwen would like to welcome you as a new customer. This is also your notice that the servicing of your mortgage loan, that is, the right to collect payments from you, has been assigned to Ocwen. Accordingly, you should send all payments or correspondence to the appropriate address as follows:

**PAYMENTS**
**Ocwen**
**P.O. Box 6440**
**Carol Stream, IL 60197-6440**

**CORRESPONDENCE**
**Ocwen**
**Attn: Research Dept.**
**P.O. Box 785055**
**Orlando, FL 32878-5055**

Please note that payments sent to any other location will cause a delay in posting. Payments and correspondence sent to Ocwen should include your new Ocwen Loan Number, as shown above. For your convenience, we have included a temporary payment coupon on the other side of this letter.

If you have any questions, please contact our Customer Relations Department at 1-800-746-2936, Monday through Thursday, between 9:00 a.m. and 9:00 p.m. EST, and on Fridays between 9:00 a.m. and 6:30 p.m. EST. In an ongoing effort to improve the quality of customer service, telephone calls to and from Ocwen will be recorded for the coaching and development of our associates. Information concerning Ocwen and your mortgage loan may also be found online at www.ocwen.com.

The assignment of the mortgage loan does not affect any term or condition of the mortgage instruments, other than directly related to the servicing of your loan.

This notification is in accordance with Section 6 of the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. Section 2605), which requires Ocwen to send you this notice no later than 15 days after the effective date of the transfer. This is your notice. Section 6 of RESPA also gives you certain consumer rights. If you send a "qualified written request" addressed to the correspondence address provided, Ocwen must provide you with a written acknowledgment within 20 business days of receipt of your request.

A "qualified written request" is defined as a written correspondence, other than a notice on a billing statement or other payment medium supplied by Ocwen, which has your name, account number, and the reasons for your request. A business day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions. Not later than 60 business days after receiving your request, your servicer must make the appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60 business day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents. In addition, except as otherwise provided herein, we may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Section 6 of RESPA also provides for damages and costs for individuals in circumstances where servicers are shown to have violated this section. You should seek legal advice if you believe your rights have been violated.

EXHIBIT 3
PAGE 3 OF 7

OCWEN Loan Servicing, LLC
P.O. Box 785055
Orlando, FL 32878-5055
OCWEN

WEBSITE: WWW.OCWEN.COM

Please contact your insurance agent to ensure that Ocwen receives proof that your property is insured with a Hazard policy, and for Flood and Windstorm where applicable and that Ocwen is named as the beneficiary in the Mortgagee Clause of your policy. If your mortgage payment includes escrow for taxes or insurance, please take the necessary steps to have all future bills forwarded to:

**Insurance/ Mortgagee Clause**
**Ocwen**
**ISAOA**
**P. O. Box 6723**
**Springfield, OH 45501-6723**

**Property Taxes**
**Ocwen**
**Attn: Tax Department**
**P.O. Box 961260**
**Ft. Worth, TX 76161-0260**

You may also forward evidence of insurance or insurance bills via fax or e-mail to Ocwen:

**Toll Free Fax: 1-888-882-1816** **E-mail: updateinsuranceinfo@ocwen.com**

Should you have questions about your insurance, please feel free to call our Insurance Center toll-free at 1-866-825-9265.

The transfer of servicing rights will affect the terms of, or the continued availability of mortgage life, disability insurance, or any other type of optional insurance. Not everyone has this type of insurance, but if you do, please be advised that it will not transfer to Ocwen. However, to verify if Ocwen is able to offer any of these services, please call our Customer Relations Department at 1-800-746-2936, during the business hours indicated above, or you should contact an independent insurance agent for alternative coverage options.

Mortgage escrow accounts ensure that homeowners' property taxes, fire and hazard insurance premiums, mortgage insurance premiums and other escrow items are paid in a timely fashion. They are a guarantee that there is always enough money to pay these bills when they are due so that the homeowner avoids the risk of lapsed insurance coverage or delinquent taxes. If you would like to establish an escrow account with Ocwen please call our office at 1-800-746-2936.

Upon receipt of this letter, please call our office at 1-800-746-2936, so that we may welcome you to Ocwen and also verify the information received during the servicing transfer of this loan. We look forward to servicing your loan.

Sincerely,

Ocwen Loan Servicing, LLC

***Please detach below coupon and include with your monthly payment.***

**OCWEN**
**MONTHLY PAYMENT REMITTANCE COUPON**

**Name:** ______________________

**Address:** ______________________

______________________

**Total Remittance:** $______________

**OCWEN LOAN# 80590441**

**SEND PAYMENTS TO:**

**OCWEN**
**P.O. Box 6440**
**Carol Stream, IL 60197-6440**

PROOF OF SERVICE

STATE OF CALIFORNIA )

) SS

COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On June __, 2007, I served the following document(s) described as follows:

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO EXPUNGE LIS PENDENS**

On the following interested parties in this action:

[XX] VIA MAIL -- CCP §§ 1013(a); 2015.5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on June __, 2007 at Irvine, California.

Sherie L. Cleere'

## Motions

3:07-cv-02133-SI Marks v. Ocwen Loan Servicing, LLC et al
ADRMOP, E-Filing, RELATE

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

---

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

---

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
***If there is no second hyperlink, there is no electronic document available .***
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at for more information.

---

The following transaction was received from by Allison, Jeffrey entered on 6/21/2007 9:09 PM and filed on 6/21/2007
**Case Name:** Marks v. Ocwen Loan Servicing, LLC et al
**Case Number:** 3:07-cv-2133
**Filer:** Ocwen Loan Servicing, LLC
**Document Number:** 27

**Docket Text:**
MOTION to Dismiss filed by Ocwen Loan Servicing, LLC. Motion Hearing set for 8/3/2007 09:00 AM in Courtroom 10, 19th Floor, San Francisco. (Allison, Jeffrey) (Filed on 6/21/2007)

**Case Name:** Marks v. Chicoine et al
**Case Number:** 3:06-cv-6806
**Filer:**
**Document Number:** 93

**Docket Text:**
MOTION to Dismiss filed by Ocwen Loan Servicing, LLC. Motion Hearing set for 8/3/2007 09:00 AM in Courtroom 10, 19th Floor, San Francisco. (Allison, Jeffrey) (Filed on 6/21/2007)

**3:07-cv-2133 Notice has been electronically mailed to:**

Jeffrey S. Allison Jallison@houser-law.com, Scleere@houser-law.com

Leslie Patrice Marks blaqrubi@yahoo.com

**3:07-cv-2133 Notice has been delivered by other means to:**

Leslie Barnes Marks
3099 Suter Street
Oakland, CA 94608

**3:06-cv-6806 Notice has been electronically mailed to:**

Brian H. Gunn tlbeardsley@wolfewyman.com

Leslie Patrice Marks blaqrubi@yahoo.com

**3:06-cv-6806 Notice has been delivered by other means to:**

Stuart B. Wolfe
Wolfe & Wyman LLP
2175 N. California Blvd., Ste. 415
Walnut Creek, CA 94596-3581

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\HP_Administrator\My Documents\Jeff\M2D[1].pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/21/2007] [FileNumber=3542162-0]
[6c33f39bf1538a165d4e81026d997c73d800dcac654208081ae8025b222b3c2db6635
69172d193b3adf6ff481eebf4f077e143d58960c22706195f4bc6d6081a]]

PROOF OF SERVICE

STATE OF CALIFORNIA )

) SS

COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On March 14, 2008, I served the following document(s) described as follows:

**OPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION, ETC.**

On the following interested parties in this action:

Linnea N. Willis
LAW OFFICE OF LINNEA N. WILLIS
7677 Oakport Street, Ste. 1050
Oakland, CA 94621
(510) 383-9795
(510) 288-1339 fx

[XX] VIA MAIL -- CCP §§ 1013(a); 2015.5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on March 14, 2008 at Irvine, California.

Sherie L. Cleere'