LESLIE BARNES MARKS
3099 Suter Street
Oakland, CA 94602
Tel: 510/434-9758
Email: blaqrubi@yahoo.com

Plaintiff IN PRO SE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE BARNES MARKS, In Pro Per, | ) CASE NO. C 07-2133 SI |
| Plaintiff, | ) RELATED CASES: |
| | ) UNITED STATES DISTRICT COURT |
| v. | ) CASE NO: 06-06806 SI |
| OCWEN FINANCIAL CORPORATION, OCWEN LOAN SERVICING, DB STRUCTURED PRODUCTS, INC. and DOES, 1-100, | ) UNITED STATES BANKRUPTCY ) COURT DISTRICT OF DELAWARE ) CHAPTER 11 CASE NOS: . 07-104-16 ) KJC, 07-10419 KJC and 07-10421 KJC |
| Defendants. | ) PLAINTIFF'S OPPOSITION TO ) COUNTER-MOTION FOR JUDGMENT ) ON THE PLEADINGS TO DISMISS ) CLAIMS ALLEGED IN THE SECOND ) AMENDED COMPLAINT AND ) PROPOSED THIRD AMENDED ) COMPLAINT |
| | ) Original Complaint filed ) In State Court: July 28, 2006 |

    Plaintiff, LESLIE MARKS, hereby submits her Opposition to Defendant's Counter-Motion for Judgment on the Pleadings to Dismiss Claims alleged in the Second Amended Complaint and Proposed Third Amended Complaint. Defendant's Counter-Motion for Judgment

on the Pleadings should be overruled because Plaintiff's Original Complaint and Proposed Third Amended Complaint has stated facts sufficient to constitute a cause of action.

A. COMPLAINT STATES CAUSE OF ACTION.

A complaint is invulnerable to a general demurrer if on any theory it states a cause of action. *Johnson v. Clark (1936) 7 Cal. 2d 529, 536, 61 P.2d 767*; *Truta v. Avis Rent A Car System, Inc. (1987) 193 Cal. App. 3d 802, 815, 238 Cal. Rptr. 806*. That is, all that is necessary as against a general demurrer is to plead facts showing that the plaintiff may be entitled to some relief. *Richard H. v. Larry D. (1988) 198 Cal. App. 3d 591, 594, 243 Cal. Rptr. 807*. In the instant case, no Complaint original or Amended was dismissed for lack of a viable cause of action. As such, Defendant's Counter-Motion for Judgment on the Pleadings should be denied.

B. LIMITED TO FACE OF PLEADING AND JUDICIALLY NOTICED MATTER.

In ruling on a demurrer, the court is limited to defects that appear from the face of the pleading and matter subject to judicial notice. The rule is well established that, except for judicially noticed matter, a demurrer can neither allege facts that if true would disclose a defect in the challenged pleading nor bring in extrinsic evidence that would disclose such a defect (Code Civ. Proc. § 430.30(a); *Brosterhous v. State Bar (1995) 12 Cal. 4th 315, 324, 48 Cal. Rptr. 2d 87, 906 P.2d 1242*; *SKF Farms v. Superior Court (1984) 153 Cal. App. 3d 902, 905-906, 200 Cal. Rptr. 2d 497*). As such, Defendant's Counter-Motion for Judgment on the Pleadings should be denied.

C. AT LEAST ONE CAUSE OF ACTION NOT SUBJECT TO OBJECTION RAISED.

A demurrer that attacks an entire pleading should be overruled if one of the counts therein is not vulnerable to the objection raised *Lord v. Garland (1946) 27 Cal. 2d 840, 850, 168 P.2d 5*; *Knickerbocker v. City of Stockton (1988) 199 Cal. App. 3d 235, 245, 244 Cal. Rptr. 764* . Defendants seek to prejudice Plaintiff by not allowing her to file her Third Amended Complaint, and wish to completely dismiss the Second Amended Complaint. Defendants' objections fail to adequately address Plaintiff's Fraudulent Conveyance cause of action among others. As such, Defendant's Counter-Motion for Judgment on the Pleadings should be denied.

-2-
PLAINTIFF'S OPPOSITION TO DEFENDANTS COUNTER-MOTION FOR JUDGMENT ON THE
PLEADINGS TO DISMISS CLAIMS ALLEGED IN THE SECOND AMENDED COMPLAINT

D.   RULE OF LIBERAL CONSTRUCTION.

In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties (*Code Civ. Proc. § 452; Saxer v. Philip Morris, Inc. (1975) 54 Cal. App. 3d 7, 18, 126 Cal. Rptr. 327*). Plaintiff has adequately plead her case. As such, Defendant's Counter-Motion for Judgment on the Pleadings should be denied.

E.   CAUSE OF ACTION ALLEGED DESPITE CONFUSION OF LEGAL THEORY.

The court is not limited to plaintiff's theory of recovery in testing the sufficiency of the complaint against a demurrer, but instead must determine whether the factual allegations of the complaint are adequate to state a cause of action under any legal theory. Mistaken labels and confusion of legal theory are not fatal; if the plaintiff's complaint states a cause of action on any theory, the plaintiff is entitled to introduce evidence thereon *Nguyen v. Scott (1988) 206 Cal. App. 3d 725, 729-730, 253 Cal. Rptr. 800*. Defendants continue to claim Plaintiff is confusing legal theory. The fact is, they have not provided Plaintiff with invoicing of any kind, yet complaint of not receiving payment. Defendants have not proven they are entitled to hold her mortgage and have not adequately serviced it. Defendant's claim that Plaintiff should seek relief by filing a claim with a credit bureau to cure their bad faith credit reporting acts and other blunders. Defendants objections are unfounded and designed in bad faith. As such, Defendant's Counter-Motion for Judgment on the Pleadings should be denied.

F.   CAUSE OF ACTION ALLEGED DESPITE LEGAL CONCLUSIONS.

Although a court in ruling on a general demurrer may ignore allegations of the complaint that are in the form of legal conclusions, the court should overrule the demurrer when, apart from the legal conclusions, the complaint sets forth sufficient facts to state a cause of action *Maxwell v. City of Santa Rosa (1959) 53 Cal. 2d 274, 279-281, 1 Cal. Rptr. 334, 347 P.2d 678*.

G.   CAUSE OF ACTION ALLEGED DESPITE UNCLEAR FACTS.

If on a consideration of all the facts stated it appears that the plaintiff is entitled to any relief at the hands of the court against the defendant, the complaint will be held good, although

the facts may not be clearly stated *Chase Chemical Co. v. Hartford Accident & Indemnity Co. (1984) 159 Cal. App. 3d 229, 242-243, 205 Cal. Rptr. 469.*

H. CAUSE OF ACTION ALLEGED DESPITE IRRELEVANT FACTS.

If on a consideration of all the facts stated it appears that the plaintiff is entitled to any relief at the hands of the court against the defendant, the complaint will be held good, although the facts may be intermingled with a statement of other facts irrelevant to the cause of action shown (*Chase Chemical Co. v. Hartford Accident & Indemnity Co. (1984) 159 Cal. App. 3d 229, 242-243, 205 Cal. Rptr. 469* ).  In true subprime fashion, Defendants attempt to misconstrue the facts in this case.  The acquisition of a mortgage loan in active litigation and default is questionable.  Defendant cannot prove they paid for the loan.  Defendants have not serviced Plaintiff's loan and as alleged, Defendants are guilty of a host of other bad faith acts.  As such, Defendant's Counter-Motion for Judgment on the Pleadings should be denied.

I. CAUSE OF ACTION ALLEGED DESPITE DEMAND FOR WRONG RELIEF.

If on a consideration of all the facts stated it appears that the plaintiff is entitled to any relief at the hands of the court against the defendant, the complaint will be held good, although the plaintiff may demand relief to which he or she is not entitled under the facts alleged *(Chase Chemical Co. v. Hartford Accident & Indemnity Co. (1984)159 Cal. App. 3d 229, 242-243, 205 Cal. Rptr. 469)*.  As such, Defendant's Counter-Motion for Judgment on the Pleadings should be denied.

J. IMPLIED OR INFERRED FACTS DEEMED TRUE.

The sole issue involved in a hearing on a demurrer is whether the complaint, as it stands, unconnected with extraneous material, states a cause of action. In testing the legal sufficiency of a pleading against a general demurrer, all properly pleaded allegations, including those that arise by reasonable inference, are deemed admitted regardless of the possible difficulty of proof at trial (*Saxer v. Philip Morris, Inc. (1975) 54 Cal. App. 3d 7, 18, 126 Cal. Rptr. 327*).  As such, Defendant's Counter-Motion for Judgment on the Pleadings should be denied.

K.  DISREGARD OF NONPREJUDICIAL DEFECT.

A court is required, in every stage of an action, to disregard any defect in the pleadings that in the opinion of the court does not affect the substantial rights of the parties (*Code Civ. Proc. § 475; Gressley v. Williams (1961) 193 Cal. App. 2d 636, 639, 14 Cal. Rptr. 496*). As such, Defendant's Counter-Motion for Judgment on the Pleadings should be denied.

L.  CAUSE OF ACTION NOT NECESSARILY BARRED BY AFFIRMATIVE DEFENSE.

A demurrer based on an affirmative defense cannot properly be granted when the action might be barred by the defense, but is not necessarily barred (*CrossTalk Productions, Inc. v. Jacobson (1998) 65 Cal. App. 4th 631, 635, 76 Cal. Rptr. 2d 615*).  As such, Defendant's Counter-Motion for Judgment on the Pleadings should be denied.

M.  DEMURRER INAPPROPRIATE TO DETERMINE TRUTH OF DISPUTED FACTS.

A demurrer is not the appropriate procedure for determining the truth of disputed facts or what inferences should be drawn when competing inferences are possible (*CrossTalk Productions, Inc. v. Jacobson (1998) 65 Cal. App. 4th 631, 635, 76 Cal. Rptr. 2d 615*).  As such, Defendant's Counter-Motion for Judgment on the Pleadings should be denied.

Defendant's failed to properly notice their Counter-motion.  This Court ordered that the Reply is due to be filed with this Court today.  Plaintiff should have been allowed more time to respond to Defendant's Counter-Motion.  Furthermore, the form of the Opposition and Counter-Motion are confusing and it is not clear where the opposition ends and the Counter-Motion begins.  In any event Plaintiff attempts to adequately respond timely to Defendant's documents.

Defendant's motion for judgment on the pleadings should be denied because a motion for judgment on the pleadings does not lie to challenge defectively stated or uncertain facts alleged in the complaint.  A motion by defendant for judgment on the pleadings does not lie to raise the objection that the necessary facts contained in the complaint are defectively set forth or are uncertain in form ( *Hibernia Sav. & L. Soc'y v. Thornton (1897) 117 Cal. 481, 482-483, 49 P. 573 ; Uptown Enterprises v. Strand (1961) 195 Cal. App. 2d 45, 48, 15 Cal. Rptr. 486* ).

The facts and procedural background of Hibernia Sav. & L. Soc'y v. Thornton (1897) 117 Cal. 481, 49 P. 573, are set forth in § 71.150[4][a]. In Hibernia Sav. & L. Soc'y, the Supreme Court, in reversing the judgment on the pleadings for defendant, stated that if all the facts necessary to state a cause of action are contained in the complaint, the objection that they are defectively set forth, or are in an ambiguous or uncertain form, may not be raised by a motion by defendant for judgment on the pleadings; to support such a motion, there must be an entire absence of some fact or facts essential to constituting a cause of action ( 117 Cal. 481, 482-483) .

## CONCLUSION

Plaintiff will suffer manifest injustice if Defendants motion is allowed to prevail. For the reasons stated above, Defendant's motion for judgment on the pleadings should be denied.

Dated:  March 6, 2009                          Respectfully submitted,


 ___//s/_____
 Leslie Barnes Marks, In Pro Se

**PROOF OF SERVICE**

I, the undersigned, declare that I am employed in the County of Alameda, State of California. I am over the age of eighteen (18) years and not a party to the within cause. My address is P.O. Box 1999, Union City, CA 94589.

On March 6, 2009, I served the following documents:

1. REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; and

2. OPPOSITION TO COUNTER MOTIN FOR JUDMENT ON THE PLEADINGS TO DISMISS CLAIMS ALLEGED IN THE SECOND AMENDED COMPLAINT AND PROPOSED THIRD AMENDED COMPLAINT

[ ]   BY HAND DELIVERY by causing a true copy thereof enclosed in a sealed envelope, to be delivered by hand to the address (es) shown below.

[ ]   BY OVERNIGHT DELIVERY by placing a true copy thereof, enclosed in a sealed envelope, with delivery charges fully paid, to be delivered overnight to the address(es) shown below.

[ X ]   BY FACSIMILE TRANSMISSION by transmitting a true copy thereof by facsimile transmission from the facsimile number (866) 814-8313 to the interested parties to said action at the facsimile number(s) shown below.

Jeffrey S. Allison
Houser & Allison
9970 Research Drive
Irvine, California 92618
Tel: 949-679-9111
**Fax: 949-679-1112**

I declare under penalty of perjury that the foregoing is true and correct and executed on this 6h day of March, at Oakland, California.

Gina Lewis

-1-
PROOF OF SERVICE