IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE BARNES MARKS,<br><br>    Plaintiff,<br><br>  v.<br><br>OCWEN LOAN SERVICING, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 07-2133 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS and DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** |

    Plaintiff has requested leave to file a third amended complaint in this action, and defendants have opposed that motion and moved for judgment on the pleadings to dismiss the claims alleged in plaintiff's second amended complaint and proposed third amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court found that the motions were appropriate for resolution without oral argument. For the reasons discussed below, defendants' motion is GRANTED and plaintiff's motion is DENIED.

**BACKGROUND**

    This case is related to another action filed by plaintiff in this Court, *Marks v. Chicoine*, Case No. C 06-6806 SI ("*Chicoine*"). Both cases center on allegations that plaintiff, Leslie Marks, was misled into placing an economically burdensome mortgage on her home. On April 2, 2007, defendants in *Chicoine* filed notices of bankruptcy filing by New Century Mortgage Corporation and Home 123 Corporation. Consequently, *Chicoine* is currently stayed as to New Century and Home 123.

    On or near the day that New Century and Home 123 filed for bankruptcy, New Century transferred the servicing of plaintiff's mortgage to defendant in this case, Ocwen Loan Servicing, LLC. The mortgage itself was also apparently transferred to DB Structured Products, which is also named as

a defendant in this case. Subsequently, plaintiff filed this suit, initially alleging four causes of action against Ocwen and DB: fraudulent misrepresentation and violations of the Truth in Lending Act ("TILA"), the Federal Real Estate Settlement Procedures Act ("RESPA"), and section 17200 of the California Business and Professions Code. The Court granted in part defendants' first motion to dismiss on August 21, 2007 and granted plaintiff leave to amend her complaint. Plaintiff filed her First Amended Complaint ("FAC") on October 15, 2007, alleging the original four causes of action, and adding claims of negligence and professional malpractice, as well as negligent misrepresentation. Defendants again moved to dismiss, and the Court granted their motion in part on February 6, 2008. The Court dismissed plaintiff's TILA, RESPA and negligence and professional malpractice claims and granted plaintiff leave to amend. The Court also dismissed plaintiff's claims under the Business and Professions Code because plaintiff sought improper remedies, but allowed her to amend her claims to seek the proper remedy. Finally, the Court preserved plaintiff's fraud claims, but expressed its skepticism of plaintiff's ability to establish defendants' liability. Plaintiff filed her Second Amended Complaint ("SAC")[1] on April 11, 2008, alleging the same six causes of action as her FAC.

Now, over ten months after filing her SAC, plaintiff seeks leave to file a Third Amended Complaint ("TAC"). In addition to restating three of the six causes of action in her SAC,[2] plaintiff's TAC would add new causes of action for fraudulent conveyance, civil conspiracy, and violations of the Fair Credit Reporting Act ("FCRA") and Lenders and Servicers Licensing Act. Defendants have both opposed plaintiff's request for leave to file another amended complaint and moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) to dismiss the claims alleged in plaintiff's SAC and proposed TAC. Both motions are now before the Court.

## LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move

---

[1] Plaintiff's SAC was filed on April 11, 2008 (Docket No. 76) and is incorrectly captioned: "First Amended Complaint for Damages and Equitable Relief."

[2] Plaintiff's TAC omits her causes of action for fraudulent misrepresentation, negligent misrepresentation, and negligence and professional malpractice.

2

1 for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the
2 moving party clearly establishes on the face of the pleadings that no material issue of fact remains to
3 be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard*
4 *Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "For purposes of the motion, the allegations of the
5 non-moving party must be accepted as true, while the allegations of the moving party which have been
6 denied are assumed to be false." *Id.*

7 Although Rule 12(c) neither specifically authorizes nor prohibits motions for judgment on the
8 pleadings "directed to less than the entire complaint or answer . . . [i]t is the practice of many judges to
9 permit 'partial' judgment on the pleadings (e.g., on the first claim for relief, or the third affirmative
10 defense)." *See* William W. Schwarzer, *et al.*, Federal Civil Procedure Before Trial, 9:340 (2001).
11 "[C]ourts have discretion to grant a Rule 12(c) motion with leave to amend." *Id.* 9:341.

12 When considering a motion on the pleadings, courts may consider exhibits submitted or
13 referenced in the complaint and matters that may be judicially noticed pursuant to Federal Rule of
14 Evidence 201. *See, e.g.*, *Burnett v. Twentieth Century Fox Film Corp.*, 491 F. Supp. 2d 962, 966 (C.D.
15 Cal. 2007). Indeed, "documents specifically referred to in a complaint, though not physically attached
16 to the pleading, may be considered where authenticity is unquestioned." *Id.* (citing *Daly v. Viacom, Inc.*,
17 238 F. Supp. 2d 1118, 1121-22 (N.D. Cal. 2002) (considering television program referenced in, but not
18 attached to, complaint).

19
20 **DISCUSSION**
21 **I.  Defendants' Motion for Judgment on the Pleadings**
22     **A.  TILA**
23 Defendants argue that Ocwen cannot be liable under TILA because the statute expressly exempts
24 loan servicers. DB, according to defendants, is not liable under TILA unless it can be established that
25 the alleged violation is apparent on the face of the TILA disclosure statement.

26 The Court previously agreed with each of defendants' arguments, and granted plaintiff leave to
27 amend her complaint if she could show that the TILA violation is apparent from the face of the loan
28 assignment documents. *See* FAC Order at 4. Additionally, the Court suggested that plaintiff may have

3

a statute of limitations problem, and recommended that plaintiff specify when the TILA violation occurred and whether her suit was timely filed. *See id.* at 5.

Plaintiff's SAC fails to cure these deficiencies; indeed, plaintiff makes no allegations that a TILA violation is apparent from the loan assignment documents. Instead, plaintiff simply asserts that defendants and their predecessors failed to make proper disclosures and therefore violated TILA. SAC ¶ 71. Plaintiff's proposed TAC does not cure these deficiencies, either; it merely states that defendants inherit liability for the acts of the initial lender. TAC ¶ 48. Overall, it appears to the Court that the TILA claims articulated by plaintiff apply to New Century and Home123, who are not parties to this suit. Accordingly, the Court grants judgment in favor of defendants as to plaintiff's TILA claims.

### B. RESPA

Plaintiff alleges in her SAC that defendants violated three sections of RESPA: § 2605(b), which requires fifteen days notice prior to transferring a loan; § 2605(c), which requires the transferees to provide notice within fifteen days after transfer; and § 2605(d), which purportedly applies a 60-day moratorium on imposing late fees. Defendants argue that they are not liable for New Century's failure to provide adequate notice under RESPA prior to transferring plaintiff's loan, and that they provided adequate notice as transferees of plaintiff's loan.

The Court previously found that plaintiff could not hold these defendants liable for New Century's failure to provide adequate notice of the transfer under § 2605(b). FAC Order at 6. Despite the Court's order, plaintiff appears to reallege that claim in her SAC. For the same reasons that it was previously dismissed, plaintiff's claim under 12 U.S.C. § 2605(b) cannot stand here.

Defendants argue that they provided adequate notice of transfer pursuant to § 2605(c) in a letter written to plaintiff dated April 11, 2007. Since the loan was transferred about April 2, 2007, the Court previously dismissed plaintiff's claim under § 2605(c) on those grounds, but permitted plaintiff one last opportunity to dispute defendants' assertion that they provided adequate notice. Neither plaintiff's SAC nor her proposed TAC dispute that assertion. Additionally, defendants have provided the Court a copy of the notice letter and have requested that the Court take judicial notice of that letter. *See* Defs.' Req. for Judicial Notice, Docket No. 94, at Ex. 1. The Court now grants that request, and notes that the letter

4

is dated April 11, 2007. *See id.* Accordingly, the Court grants judgment in favor of defendants as to plaintiff's § 2605(c) RESPA claims.

Plaintiff's third RESPA claim arises under § 2605(d). Plaintiff alleges that defendants improperly imposed late fees within 60 days of transfer of her loan. However, § 2605(d) reads:

> During the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower with respect to any payment on such loan and no such payment may be treated as late for any other purposes, *if the payment is received by the transferor servicer (rather than the transferee servicer who should properly receive payment) before the due date applicable to such payment*.

12 U.S.C. § 2605(d) (emphasis added). In alleging that defendants violated § 2605(d), plaintiff misreads the statute. Section 2605(d) applies where plaintiff incorrectly pays the transferor (old) servicer, rather than the transferee (new) servicer, and where the incorrect payment is actually made prior to the due date. Defendants argue, and plaintiff does not dispute, that plaintiff has not made any payments on her loan since 2006. Defs.' Opp. at 11; Pl.'s Reply at 3, 5. Thus, the Court grants judgment in favor of defendants as to plaintiff's § 2605(d) RESPA claims.

Plaintiff's proposed TAC appears to add cursory allegations that defendants violated RESPA by ignoring her qualified written requests and by improperly accepting kickbacks. Both of these claims also fail, however. First, defendants have already demonstrated that they responded to plaintiff's qualified written requests. *See* Defs.' Supp. Req. for Judicial Notice, Docket No. 40, at Ex. 3. Second, plaintiff's proposed TAC contains no factual allegations as to what, if any, kickbacks defendants received upon transfer of the loan. It merely states in conclusory fashion that RESPA does not allow defendants to receive referral fees. TAC ¶ 68-70. Moreover, defendants argue, and the Court agrees, that the kickback section of RESPA applies only to broker referral fees paid upon origination of a loan, and that neither defendant in this case is the broker or lender of plaintiff's loan. Thus, the Court grants judgment in favor of defendants as to plaintiff's remaining RESPA claims, to the extent that they are alleged.

**C.    Fraud and intentional misrepresentation and negligent misrepresentation**

Defendant argues that while plaintiff alleges that Home123 and New Century made

5

1  misrepresentations to her before her loan was transferred, she fails to allege any misrepresentations were
2  made by either DB or Ocwen.[3]

3  Under California law, the elements of common law fraud are "misrepresentation, knowledge of
4  its falsity, intent to defraud, justifiable reliance, and resulting damages." *Gil v. Bank of Am., Nat'l*
5  *Ass'n*, 138 Cal. App. 4th 1371, 1381 (2006). Common law claims of fraud must be pled with sufficient
6  particularity. *See* Fed. R. Civ. P. 9(b) ("[I]n all averments of fraud . . . the circumstances constituting
7  fraud . . . shall be stated with particularity."). Therefore, in addition to the "time, place and content of
8  an alleged misrepresentation," a complaint "must set forth what is false or misleading about a statement,
9  and . . . an explanation as to why the statement or omission complained of was false or misleading."
10 *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999).

11 To state a claim for negligent misrepresentation, plaintiff must allege that the defendant: (1)
12 made a misrepresentation of a material fact; (2) without reasonable grounds for believing it to be true;
13 (3) with intent to induce another's reliance and that plaintiff: (1) was ignorant of the truth and justifiably
14 relied on the misrepresentation and (2) suffered damages. *See B.L.M. v. Sabo & Deitsch*, 55 Cal. App.
15 4th 823, 834 (1997).

16 The Court dismissed plaintiff's first complaint because it failed to allege any misrepresentation
17 or false statement made by defendants. Order Granting in Part Defs.' Mot. to Dismiss Pl.'s Compl.
18 ("Order") at 3. At that time, the Court noted that plaintiff alleged that defendants made false statements
19 that they were "properly and legally the new servicer" of her loan in her FAC, but indicated that it was
20 unclear how the defendants in this case could be liable for false statements made by the loan originators
21 prior to assignment of the loan. Order Granting in Part Defs.' Mot. to Dismiss Pl.'s FAC ("FAC Order")
22 at 7-8. The Court also advised plaintiff that she must be able to show that defendants were so closely
23 connected to New Century and Home123 that they should be liable for false statements by the loan
24 originators. *Id.*

25 Plaintiff's SAC makes no such allegations. Instead, plaintiff merely asserts that defendants

---

27  [3]Defendant also observes, and the Court notes, that plaintiff's allegations of fraud and intentional
28  misrepresentation and negligent misrepresentation are absent from plaintiff's proposed TAC.
Nevertheless, the Court addresses the merits of plaintiff's claims as they were last alleged.

6

assume responsibility for New Century's (and presumably, Home123's) actions by acquiring the loan. SAC ¶¶ 44, 46-48. Additionally, plaintiff asserts, without any particularity, that defendants "made various misrepresentations of material fact with respect to the [loan] and induced plaintiff to rely on said misrepresentations." SAC ¶ 45. Nowhere does plaintiff state the content of any alleged misrepresentation, nor does plaintiff specify why the statements were false or misleading. Finally, many of the misrepresentations alleged by plaintiff appear to apply to New Century and Home123, who are not parties to this action, and plaintiff fails to provide any basis for holding defendants liable for New Century and Home123's actions. Thus, the Court grants judgment in favor of defendants as to plaintiff's claims for intentional and negligent misrepresentation.

### D.   Negligence and Professional Malpractice

Defendants argue that plaintiff cannot state a claim against them for negligence and professional malpractice because they owed no duty to plaintiff.

The Court previously dismissed this claim, noting that plaintiff had not alleged that defendants' role went beyond the scope of a conventional lender of money. FAC Order at 8. Additionally, plaintiff did not allege that any of the exceptions creating a duty of care applied to this case. *See id.* Plaintiff's SAC does not add any such allegations, and her proposed TAC appears to abandon these claims altogether. Thus, the Court grants judgment in favor of defendants as to plaintiff's negligence and professional malpractice claims.

### E.   Violations of the California Business and Professions Code

Defendants argue that plaintiff's unfair business practices claims must be dismissed because plaintiff seeks an improper remedy and because defendants did not engage in any unlawful activity on which such a claim may be based.

The Court previously found that plaintiff could successfully reallege her unfair business practice claims by seeking a proper remedy: restitution or an injunction. FAC Order at 9. At that time, the success of plaintiff's unfair business practices claim relied on her successfully stating a RESPA claim against Ocwen and intentional and negligent representation claims against both defendants. *See id.*

7

Now, however, plaintiff's unfair business practices claim lacks an underlying claim to stand upon. As outlined above, plaintiff does not state a valid RESPA claim against any defendant, nor does she state a valid claim for intentional or negligent misrepresentation. There is no "unlawful, unfair or fraudulent business act or practice" to sustain plaintiff's claim. *See id.*; Cal. Bus. & Prof. Code § 17200; *Schvartz v. Budget Group, Inc.*, 81 Cal. App. 4th 1153, 1159 (2000) (quoting *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996)). Accordingly, the Court grants judgment in favor of defendants as to plaintiff's unfair business practices claim.

## II.     Plaintiff's Request for Leave to File a Third Amended Complaint

Plaintiff's proposed TAC seeks to add claims for fraudulent conveyance, civil conspiracy, and violations of the Fair Credit Reporting Act ("FCRA") and the Lenders and Servicers Licensing Act. Additionally, plaintiff alleges that defendants breached their fiduciary duty by failing to service her loan, and seeks to quiet title on her property. Defendants oppose plaintiff's proposed amendments, arguing that they are untimely and futile and that plaintiff has repeatedly failed to cure deficiencies in her prior amended complaints.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be granted "with extreme liberality," so long as factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment" are not present. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (internal quotation marks omitted).

For the reasons outlined below, the Court finds that amending plaintiff's complaint to allege each of the new causes of action in plaintiff's proposed TAC would be futile. Given the futility of plaintiff's proposed TAC, along with plaintiff's repeated failure to cure deficiencies in amended complaints

8

previously allowed by the Court, the Court exercises its discretion to DENY plaintiff's request for leave to file another amended complaint.

### A. Fraudulent conveyance

Plaintiff's first cause of action in her proposed TAC is for fraudulent conveyance. Defendants do not address this claim in their opposition. Nevertheless, the Court finds that plaintiff has failed to state a cognizable claim for fraudulent conveyance against defendants in this case.

A fraudulent conveyance occurs when a property is transferred to shield it from creditors. *See* Cal. Civ. Code § 3439.04. Plaintiff's fraudulent conveyance claim centers on the transfer of her mortgage from New Century and Home123 to defendants in this action. Her claim fails for two reasons. First, plaintiff is not a creditor; she is a debtor. Second, to the extent any claim could be alleged, it would be against New Century and Home123, who are not parties to this action. Thus, the Court finds that it would be futile to allow plaintiff to amend her complaint to add a fraudulent conveyance cause of action.

### B. Civil conspiracy

Plaintiff's proposed TAC seeks to add a claim for civil conspiracy, alleging that defendants entered into a conspiracy to deprive her of her right to equal protection. Defendants do not address this claim in their opposition, either. However, the Court finds that plaintiff has failed to state a cognizable claim for civil conspiracy.

"If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation[.]" 42 U.S.C. § 1985(3).

Plaintiff alleges that "[i]t has been clear and established that subprime lenders preyed primarily on minorities." TAC ¶ 89. The Court finds that plaintiff's allegations are conclusory and devoid of facts – plaintiff does not allege any facts that demonstrate that subprime lenders preyed on minorities, nor does she allege that defendants in this action conspired with New Century and Home123 with the

9

purpose of depriving her equal protection of the laws. Accordingly, the Court finds that it would be futile to allow plaintiff to amend her complaint to add a civil conspiracy cause of action.

### C.     FCRA violation

Plaintiff's proposed TAC alleges that defendants violated FCRA by making negative credit reports within 60 days of acquiring her loan. Defendants contend that plaintiff fails to plead the essential elements of a claim under FCRA.

FCRA imposes obligations on entities who furnish information to credit reporting agencies ("CRAs"). 15 U.S.C. § 1681s-2. Section 1681s-2(a) imposes a duty to provide accurate information to CRAs, while § 1681s-2(b) imposes obligations on furnishers upon notice of dispute. *See id.*

Plaintiff's proposed TAC does not specify which, if any, of these sections that defendants have violated. Instead, plaintiff merely asserts that defendants reported negative marks against her credit and that she is entitled to recovery under FCRA. *See* TAC ¶ 56. Absent specific factual allegations, such assertions are not sufficient to state a claim under FCRA. Thus, the Court finds that it would be futile to allow plaintiff to amend her complaint to add a FCRA cause of action.

### D.     Lenders and Servicers Licensing violation

Plaintiff's proposed TAC alleges that defendants violated the Lenders and Servicers Licensing Act because she never received copies of the closing documents on her loan, a HUD-1, or a notice of her right to rescind or cancel her loan. From plaintiff's proposed TAC, it is apparent that these claims apply to the originators of her loan – New Century – who are not party to this action. Thus, the Court finds that it would be futile to allow plaintiff to amend her complaint to add a Lenders and Servicers Licensing cause of action.

### E.     Third-party breach of a fiduciary duty

Plaintiff's proposed TAC alleges that defendants breached their fiduciary duty to plaintiff by seeking to benefit from loan servicing without providing any loan servicing. Defendants note that plaintiff previously made similar allegations, styled as causes of action for negligence and professional

10

malpractice. In dismissing those claims, the Court found that defendants owed no duty of care because plaintiff has not alleged that defendant's role exceeded the scope of conventional lenders of money. FAC Order at 8. Plaintiff's proposed TAC does not cure this deficiency. Moreover, a loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract. *See Nymark v. Hart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). Consequently, the Court finds that defendants do not owe a fiduciary duty to plaintiff, and that it would be futile to allow plaintiff to amend her complaint to add a third-party breach of fiduciary duty cause of action.

### F.     Quiet title

Plaintiff's final cause of action in her proposed TAC is to quiet title on her property. Defendants do not address this claim in their opposition. Nevertheless, the Court finds that plaintiff has failed to state a cause of action to quiet title.

To state a cause of action to quiet title, plaintiff's complaint must include: (1) a description of the property that is subject of the action; (2) the title of the plaintiff on which a determination is sought and the basis of the title; (3) the claims adverse to the title against which a determination is sought; (4) the date as to which a determination is sought; and (5) a prayer for relief. Cal. Code Civ. Pro. § 761.020.     Plaintiff's proposed TAC is deficient in two respects. First, plaintiff fails to establish any claims adverse to her title. Instead, plaintiff states, in conclusory fashion, that defendants "wrongfully claim an interest" in her property. TAC ¶ 111. Plaintiff does not state what that interest is or how it constitutes an adverse claim to the title in her property. Second, plaintiff does not include a date as to which a determination of her title is sought. Consequently, the Court finds that it would be futile to allow plaintiff to amend her complaint to add a quiet title cause of action.

///

## CONCLUSION

For all of the foregoing reasons, the Court hereby GRANTS defendants' request for judgment on the pleadings as to plaintiff's second amended complaint and DENIES plaintiff's request for leave to file a third amended complaint.

**IT IS SO ORDERED.**

Dated: April 10, 2009

SUSAN ILLSTON
United States District Judge